[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 15, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16522
Non-Argument Calendar

_____

D. C. Docket No. 06-80108-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TICO DAKTARI HOLMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 15, 2008)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Tico Daktari Holman appeals his conviction and sentence for possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1). Holman asserts two issues on appeal, which we address in turn.

I.

Holman first argues the district court violated Rule 11 of the Federal Rules of Criminal Procedure when it failed to inform Holman he had the right to continue in his plea of not guilty, and he had the right of compulsory process for any witness on his behalf.

Where the defendant neither objects to the plea proceedings nor moves to withdraw the plea, we review the district court's compliance with Rule 11 for plain error. *United States v. Monroe*, 353 F.3d 1346, 1349 & n.2 (11th Cir. 2003). Plain error exists only where (1) there is an error; (2) the error is plain or obvious; and (3) the error affects the defendant's substantial rights. If those three conditions are met, a court may correct the error only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1349. Furthermore, "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 124 S. Ct. 2333, 2340 (2004). "A defendant must

2

thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is 'sufficient to undermine confidence in the outcome' of the proceeding." *Id.*

A district court accepting a guilty plea must address the three core concerns of Rule 11, which are to ensure "that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). "To ensure compliance with the third core concern, Rule 11(b)(1) provides a list of rights and other relevant matters about which the court is required to inform the defendant prior to accepting a guilty plea." *Id.* However, where a plea colloquy fails to address an item expressly required by Rule 11, we generally uphold the plea so long as the overall plea colloquy adequately addresses the core concerns of Rule 11. *Monroe*, 353 F.3d at 1354. During Rule 11 proceedings, "matters of substance, not form, are controlling." *Id.* at 1351.

Holman does not contest, and the record reflects, that the court adequately addressed the first two Rule 11 core concerns. As for the third core concern, the district court did not expressly advise Holman of his right to persist in a plea of not guilty or that by not proceeding to trial, Holman relinquished his right to compulsory process as required by Rule 11. According to the record, however, the

district court informed Holman of his right to plead not guilty, and that if he pled not guilty, he had the right to a trial by jury at which the Government would have to prove his guilt beyond a reasonable doubt. That statement necessarily implied that Holman had the right to persist in his plea of not guilty. Additionally, the district court advised Holman of his right to present witnesses on his own behalf and cross-examine the Government's witnesses if he went to trial. Thus, although the district court's colloquy did not follow the language of Rule 11 exactly, the district court did not plainly err because it adequately addressed the substantive information, that is, the "core concerns," of Rule 11. Even assuming the district court's omissions constitute plain error, Holman has not shown, or even asserted, that, but for the district court's failure to inform him of those two rights, he would not have entered the guilty plea. Accordingly, we affirm Holman's conviction.

## II.

Holman also contends the district court erred by applying the career offender enhancement to his sentence because the Government failed to prove by a preponderance of the evidence that Holman had a prior conviction for carrying a concealed firearm. Holman asserts the ambiguities of the judgment render it unclear whether he was convicted for a probation violation or for carrying a concealed firearm. Furthermore, he contends, even if the Government met its

4

burden of proof regarding the fact of conviction, Holman contends carrying a concealed firearm is not a crime of violence.

"We review *de novo* the district court's application and interpretation of the sentencing guidelines, and we review factual findings for clear error." *United States v. Wilks*, 464 F.3d 1240, 1242 (11th Cir.), *cert. denied*, 127 S. Ct. 693 (2006) (citations omitted). "[T]he district court's decision to classify a defendant as a career offender pursuant to U.S.S.G. § 4B1.1 is a question of law that we also review *de novo*." *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir.), *cert. denied*, 126 S. Ct. 2911 (2006).

A district court generally may enhance a defendant's sentence as a career offender "if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The government must demonstrate all three elements by a preponderance of the evidence. *United States v. Spell*, 44 F.3d 936, 938 (11th Cir. 1995). As Holman does not dispute the first two elements or that he has a prior felony conviction of a

controlled substance offense, the only issue before us is whether Holman has a prior conviction for a crime of violence.

The existence of a prior conviction is a determination that may be found by the district court. *Gibson*, 434 F.3d at 1247. For purposes of sentencing, the district court's factual findings "may be based on, among other things, evidence heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing." *United States v. Ndiaye*, 434 F.3d 1270, 1300 (11th Cir.), *cert. denied*, 127 S. Ct. 128 (2006). If a defendant, however, challenges one of the bases of his sentence as set forth in the PSI, the government bears the burden of establishing the disputed fact by a preponderance of the evidence. *Id.* Further, "[a] court may consider any information (including hearsay), regardless of its admissibility at trial, in determining whether factors exist that would enhance a defendant's sentence, provided that the information is sufficiently reliable." *United States v. Wilson*, 183 F.3d 1291, 1301 (11th Cir. 1999) (finding no error where the district court established the fact of conviction by relying on a PSI, on-the-record statements of a probation officer, and notes of another probation officer who had reviewed the municipal court records).

In assessing whether a prior conviction was for a crime of violence, the district court focuses on the fact of conviction and the statutory elements of that

6

conviction. *See Gibson*, 434 F.3d at 1247 (considering whether prior convictions were controlled substance offenses under § 4B1.1). "A district court only may inquire into the conduct surrounding a conviction if ambiguities in the judgment make the crime of violence determination impossible from the face of the judgment itself." *Id.* at 1248 (quoting *Spell*, 44 F.3d at 939). As Holman concedes, we have held that carrying a concealed firearm in violation of Florida law constitutes a crime of violence for purposes of the career offender classification. *United States v. Gilbert*, 138 F.3d 1371, 1372 (11th Cir. 1998).

Holman challenges the fact of conviction by asserting the ambiguities of the judgment render it unclear whether he was convicted for a probation violation or for carrying a concealed firearm. Holman's reliance on *Shepard v. United States*, 125 S. Ct. 1254, 1263 (2005), and its progeny, therefore, is misplaced because the restrictions apply only to the "sources a sentencing court may consider to determine the character of a prior conviction under the ACCA [Armed Career Criminal Act]," not to a determination regarding the fact of a prior conviction. *United States v. Cantellano*, 430 F.3d 1142, 1147 (11th Cir. 2005) (noting that "[t]he issue in *Shepard* was whether the Armed Career Criminal Act permitted a sentencing court to consider police reports and complaint applications to establish that prior convictions for burglary were violent felonies," a finding about the

7

character of the conviction). Once Holman objected to the finding in the PSI that he had a prior conviction for carrying a concealed firearm, the Government could use any reliable evidence to establish the disputed fact by a preponderance of the evidence. *See Ndiaye*, 434 F.3d at 1300.

To prove the fact of conviction, the Government submitted the judgment of conviction, which listed the crime of conviction as "(VOP) CCF," the offense statute as Fla. Stat. § 790.01(2), and the offense degree as a third degree felony. The statute cited in the judgment of conviction criminalizes carrying a concealed firearm as a third-degree felony. Fla. Stat. § 790.01(2). The Government also submitted an exhibit which contained numerous computer printouts from the state court regarding the 1993 docket number referenced in the judgment of conviction.[1] The probation officer, Kito Bess, testified regarding the content of the documents. At one point he indicated the 1997 judgment means Holman was found guilty of a probation violation for carrying a concealed weapon at that time. Elsewhere in his testimony, however, Bess indicated that the conduct of carrying a concealed

---

[1] Although Holman challenges the authenticity of the Government's documents and the weight afforded the documents by the district court because they were not certified, we decline to consider this argument because Holman raised it for the first time on appeal in the reply brief. *See United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir. 2002) (explaining this Court declines to consider issues raised for the first time in a reply brief).

firearm occurred in 1993, and Holman received a sentence of probation for that offense.

The district court did not clearly err in finding that the Government proved by a preponderance of the evidence that Holman had a conviction for carrying a concealed firearm. First, the judgment of conviction referenced the Florida statute pertaining to carrying a concealed firearm. Next, despite the ambiguities in Bess's testimony, the documents themselves can be interpreted to support a conclusion that Holman pled guilty to carrying a concealed firearm in 1994, but adjudication was withheld when the state court sentenced him to 18 months of probation. Further, the state court documents could be reasonably interpreted to show that in 1997, when Holman violated his probation for a second time, the state court revoked the probation, sentenced him to 90 days' imprisonment, and no longer withheld adjudication on the original offense of carrying a concealed firearm. Based on this evidence, the district court did not clearly err in finding the Government had proven by a preponderance of the evidence that Holman had a prior conviction for carrying a concealed firearm.

Having found that Holman's prior conviction was for carrying a concealed firearm, the district court did not err in finding that his prior conviction qualified as a crime of violence under U.S.S.G. § 4B1.2. Based on this prior conviction and

Holman's undisputed prior conviction for possession of cocaine with intent to distribute, a controlled substances offense, the district court did not err in classifying Holman as a career offender pursuant to § 4B1.1.[2]  Accordingly, we affirm Holman's 189-month sentence.

**AFFIRMED.**

---

[2]  Holman's contention the district court improperly expanded the record on appeal when it granted the Government's motion to supplement the record is meritless because the documents in the supplemental record were in fact supplied to the district court prior to sentencing and subsequently admitted as exhibits during sentencing.  *See* Fed. R. App. P. 10(e)(2) (stating if anything material is omitted from the record on appeal by error or accident, the district court may correct the omission and supplement the record).