[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16522
Non-Argument Calendar

_____

D. C. Docket No. 06-80108-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TICO DAKTARI HOLMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 17, 2008)**

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Tico Daktari Holman appealed his conviction and 189-month sentence for possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1).  On February 15, 2008, we ruled the district court correctly sentenced Holman as a career offender, pursuant to U.S.S.G. § 4B1.1.  That determination was based, in part, on his prior conviction for carrying a concealed weapon, in violation of Florida Statute § 790.01(2).  *United States v. Holman*, 265 Fed. Appx. 812 (11th Cir. 2008).  Holman then petitioned the Supreme Court for *certiorari*.  Meanwhile, the Supreme Court rendered a decision in *Begay v. United States*, 128 S. Ct. 1581 (2008), concluding that the felony offense of driving under the influence was not a "violent felony" within the meaning of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  The Supreme Court granted *certiorari* in *Holman*, vacated our decision, and remanded the case for further consideration in light of *Begay*.  *Holman v. United States*, __ S. Ct. __, 2008 WL 2127101 (U.S. Oct. 6, 2008).  On remand, the Government has confessed that the district court erred by considering Holman's prior conviction for carrying a concealed weapon a crime of violence.

We review *de novo* "the district court's decision to classify a defendant as a career offender pursuant to U.S.S.G. § 4B1.1."  *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006).  A district court generally may enhance a defendant's

sentence as a career offender "if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The Sentencing Guidelines define a "crime of violence" as a crime punishable by a year or more of imprisonment, that

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is a burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a)(1).

In *Begay*, the Supreme Court addressed whether a conviction for felony driving under the influence constituted a "violent felony" under the ACCA. *Begay*, 128 S. Ct. at 1584. The Court, assuming that driving under the influence presented a serious potential risk of physical injury to another, concluded that such crimes were violent felonies only to the extent that they were "roughly similar, in kind as well as in degree of risk posed," to the crimes enumerated in the ACCA–burglary, arson, extortion, and crimes involving the use of explosives. *Id.* at 1584-85. Applying this standard to felony driving under the influence, the Supreme Court

3

held that the offense was not a violent felony because a conviction for driving under the influence did not require a showing of purposeful, violent, aggressive conduct, but was more comparable to strict liability crimes where no intent was required. *Id.* at 1586-87.

Applying the standard announced in *Begay*, we later held that the crime of carrying a concealed weapon no longer could be considered a crime of violence under § 4B1.1, and concluded that our decision in *United States v. Gilbert*, 138 F.3d 1371 (11th Cir. 1998), which held otherwise, had been abrogated by *Begay*. *Unites States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

In light of our decision in *Archer* and the Government's confession of error, we vacate Holman's sentence and remand his case for resentencing consistent with this opinion.[1]

**VACATED AND REMANDED.**

---

[1] Holman's motion for expedited appeal on remand is denied as moot.