**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Barry Lawrence SPELL, Defendant–
Appellant.**

**No. 93–4764
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 9, 1995.

---

Joel Kaplan, Miami, FL, for appellant.

Lynne Lamprecht, Linda C. Hertz, Anne M. Hayes, Asst. U.S. Attys., Miami, FL, for appellee.

Before KRAVITCH, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Appellant challenges his bank robbery sentence, arguing that the district court improperly treated him as a "career offender" under § 4B1.1 of the Sentencing Guidelines. We reverse and remand to the district court for resentencing.

## I. BACKGROUND

A federal grand jury indicted Appellant Barry Spell on three counts of bank robbery in violation of 18 U.S.C. § 2113(a) (West Supp.1994). In March 1993, Appellant entered into a plea agreement with the Government and pled guilty to one count of bank robbery.

The Government's Presentence Investigation Report (PSI) calculated Appellant's final adjusted offense level at 32 and recommended an imprisonment range of 210 to 262 months. Significantly, the PSI requested that Appellant receive a career offender enhancement, raising his offense level from 22 to 32. The Government cited two prior felony convictions which justified the enhance-

ment; a state burglary conviction in May 1980, and a state robbery and battery conviction in April 1988.

At the July 1993 sentencing hearing, Appellant challenged the PSI's career offender recommendation, arguing that the May 1980 burglary conviction was not a "crime of violence" which could support the requested enhancement. The district court overruled Appellant's objection, finding the burglary to be a crime of violence by looking at the charging document. Pursuant to the Guidelines, Appellant was sentenced to 188 months incarceration. This appeal follows.

## II. DISCUSSION

### A. Standard of Review

■ We review a district court's interpretation of the Sentencing Guidelines *de novo*. *United States v. Pinion*, 4 F.3d 941, 943 (11th Cir.1993). *Accord United States v. Smith*, 10 F.3d 724, 730 (10th Cir.1993).

### B. Career Offender Status

■ A district court may enhance a defendant's sentence as a career offender:

[I]f (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

United States Sentencing Commission, *Guidelines Manual*, § 4B1.1 (Nov. 1992).[1] This provision is interpreted strictly, *United States v. Delvecchio*, 920 F.2d 810, 812 (11th Cir.1991), and requires the Government to demonstrate all three elements by a preponderance of the evidence. *See United States v. Patrick*, 983 F.2d 206, 208 (11th Cir.1993). Appellant does not dispute that he was over eighteen when convicted or that the instant offense is a qualified felony. Nor does Appellant dispute that the April 1988 conviction constitutes a crime of violence within the meaning of § 4B1.1. Thus, the issue before the Court is whether Appellant's May 1980

burglary conviction constitutes a crime of violence justifying career offender status.

### C. Crime of Violence

A crime of violence, as used in § 4B1.1, is defined by the Guidelines as:

[A]ny offense under federal or state law punishable by imprisonment for a term exceeding one year that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(ii) *is burglary of a dwelling*, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(1) (emphasis added). In addition, Comment Two to § 4B1.2, which we generally must accept as binding, *Stinson v. United States*, —— U.S. ——, ——, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993), *United States v. Diaz*, 26 F.3d 1533, 1544 (11th Cir.1994), states:

"Crime of violence" includes … *burglary of a dwelling.* Other offenses are included where (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) *the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted* …, by its nature, presented a serious potential risk of physical injury to another. Under this section, *the conduct of which the defendant was convicted is the focus of the inquiry.*

U.S.S.G. § 4B1.2, comment. (n. 2) (emphasis added).

■ As the plain text of the Guidelines makes clear, the burglary of a dwelling is a crime of violence. U.S.S.G. § 4B1.2(1)(ii). *See United States v. Gonzalez–Lopez*, 911 F.2d 542, 548 (11th Cir.1990), *cert. denied*, 500 U.S. 933, 111 S.Ct. 2056, 114 L.Ed.2d 461 (1991). By explicitly including the burglary of a dwelling as a crime of violence, the Guidelines intended to exclude from the violent crime category those burglaries which do not involve dwellings and occupied structures. *Smith*, 10 F.3d at 732. *Cf. United States v. Campbell*, 888 F.2d 76, 79 (11th

---

1. We apply the Guidelines Manual in effect at the time of an offender's sentencing. U.S.S.G. § 1B1.11(a). Appellant is therefore subject to the Guidelines in effect in July 1993.

Cir.1989) (government conceding that burglaries involving commercial buildings, rather than dwellings, do not constitute crimes of violence under the Guidelines), *cert. denied,* 494 U.S. 1032, 110 S.Ct. 1484, 108 L.Ed.2d 620 (1990).

Appellant insists that his May 1980 burglary conviction was not for a crime of violence because the state court's judgment was for the burglary of a structure under Florida's burglary statute. *See* Fla.Stat. § 810.02 (1993). The Government's position is that the May 1980 burglary was a crime of violence because the charging document charged Appellant with burglary of a dwelling. Despite the language of the state conviction, by looking at the charging document the district court found that the crime was the burglary of a dwelling and, therefore, a crime of violence under § 4B1.2. Thus, the narrow question we face is whether the district court properly determined that Appellant's May 1980 conviction was a conviction for the burglary of a dwelling.

D. *Determining Whether a Conviction is for a Crime of Violence*

Appellant asserts that the district court erred by looking behind his conviction when it found that the May 1980 conviction was for a crime of violence. Relying on *Taylor v. United States,* 495 U.S. 575, 601–03, 110 S.Ct. 2143, 2160, 109 L.Ed.2d 607 (1990), *United States v. Wright,* 968 F.2d 1167, 1172 (11th Cir.1992), *vacated on other grounds,* —— U.S. ——, 113 S.Ct. 2325, 124 L.Ed.2d 238 (1993), and *Gonzalez–Lopez,* 911 F.2d at 547, Appellant argues that the district court was obliged to take a "categorical approach" and look no farther than the judgment of conviction. The Government replies that those cases, decided under different enhancement statutes or prior versions of § 4B1.2, are contrary to the plain text of the Guidelines and are not controlling.

■ Examination of the charging document is permitted under the Guidelines. U.S.S.G. § 4B1.2, comment. (n. 2). But despite the Guidelines' approach, the ability to "look behind" state convictions in a federal sentencing proceeding is very limited. *See, e.g. United States v. Roman,* 989 F.2d 1117, 1120 (11th Cir.1993) (en banc), *cert. denied,* —— U.S. ——, 114 S.Ct. 2139, 128

L.Ed.2d 868 (1994). As the Supreme Court explained in *Taylor v. United States,* the practical difficulties of holding mini-trials on a defendant's prior convictions counsel against looking beyond the fact of conviction. *Taylor,* 495 U.S. at 599–603, 110 S.Ct. at 2159–60 (1990). This reasoning applies with equal force to decisions under §§ 4B1.1 and 4B1.2. *See United States v. Oliver,* 20 F.3d 415, 417 (11th Cir.1994). Thus, a district court only may inquire into the conduct surrounding a conviction if ambiguities in the judgment make the crime of violence determination impossible from the face of the judgment itself. *Smith,* 10 F.3d at 733. The inquiry is limited to examining easily produced and evaluated court documents, including the judgment of conviction, charging papers, plea agreement, presentence report adopted by the court, and the findings of a sentencing judge. *Id.* at 734.

While the Supreme Court's reasoning in *Taylor*—decided under a different enhancement provision—often will guide our decisions under § 4B1.2, *see Oliver,* 20 F.3d at 417, *United States v. Bell,* 966 F.2d 703, 704–05 (1st Cir.1992), the Guidelines' commentary rejects its "categorical approach." The Guidelines' commentary also precludes the categorical approach of *Wright,* 968 F.2d at 1172, and *Gonzalez–Lopez,* 911 F.2d at 547, which were decided under a previous version of the Guidelines. Consequently, we must reject Appellant's contention that a district court can never look behind a conviction in its § 4B1.2 crime of violence inquiry.

■ In this case the ambiguity of the conviction and the statute under which Appellant was prosecuted required the court to look behind the judgment of conviction. Florida's burglary statute encompasses three different burglary situations; (1) where the offender is armed or commits assault or battery, he commits a felony of the first degree; (2) where the offender enters a dwelling or occupied building, he commits a felony of the second degree; and (3) in all other burglaries, the offender commits a felony of the third degree. Fla.Stat. § 810.02(2), (3) (1994). The problem is that *every* burglary under the Florida statute, whether a first, second, or third degree felony, requires the "entering or remaining in a *structure.*" Fla. Stat. § 810.02(1). Consequently, the judg-

ment of conviction's language of guilt for "burglary of a structure" encompasses some conduct which constitutes a crime of violence and some which does not. In such circumstances, the district court correctly went beyond the face of the May 1980 conviction in determining whether it was for a crime of violence.

But the Guidelines stress that "the conduct *of which the defendant was convicted* is the focus of the inquiry." U.S.S.G. § 4B1.2, comment. (n. 2). Thus, a district court may not rely on a charging document without first establishing that the crime charged was the same crime for which the defendant was convicted. Here, the district court relied on conduct contained in the charging document without ever determining whether Appellant was convicted for the charged offense.

Appellant was charged with a second degree felony—burglary of a dwelling—and faced "a term of imprisonment not exceeding 15 years." Fla.Stat. § 775.082(3)(c). But he was convicted pursuant to a plea agreement, which might very well have been obtained for "unaggravated" burglary, a third degree felony, subjecting him to "a term of imprisonment not exceeding 5 years." Fla.Stat. § 775.082(3)(d). Appellant's four-year sentence of imprisonment, and the judgment's language convicting him for "burglary of a structure" makes us unable to determine from the face of the judgment whether Appellant was convicted as charged.

The fact that Appellant's conviction was obtained through a plea agreement heightens our concern that Appellant's sentence enhancement may rely upon a crime for which he was never convicted. In *Taylor,* the enhancement statute at issue made any burglary conviction the basis for an enhancement. *Id.,* 495 U.S. at 588–90, 110 S.Ct. at 2153. The circuit court held that the sentencing court could look behind the defendant's plea and enhance the sentence because, regardless of the conviction, the original charge was for burglary. *Id.* 495 U.S. at 578, 110 S.Ct. at 2148. In reversing the circuit court, the Supreme Court noted that "if a guilty plea to a lesser, nonburglary offense was the result of a plea bargain, it would seem unfair to impose a sentence enhancement as if the defendant had pleaded guilty to burglary." *Id.* 495 U.S. at 601–02, 110 S.Ct. at 2160.

We hold that the district court erred by relying on the charging document without determining whether Appellant pled guilty to the crimes charged. On remand, the district court should examine Appellant's 1980 plea. If Appellant's plea was for a second degree felony, admits "guilt as charged," or in some other way indicates a plea to the conduct charged in the indictment, then a career offender sentence enhancement is appropriate. But if the plea was for a third degree felony, or contains some other indication that Appellant pled to an "unaggravated" burglary, then the May 1980 conviction cannot be the basis for finding Appellant to be a career offender under the Guidelines.

### III. CONCLUSION

The district court erred by enhancing Appellant's sentence based upon a charged crime for which Appellant might not have been convicted.

VACATED and REMANDED.