**UNITED STATES of America,**

v.

**Francisco JAVIER–LINA, a/k/a Juan De La Cruz, a/k/a Pimentel–Montano, Francisco Javier–Lina, Appellant.**

**No. 02–3910.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on May 1, 2003.

Decided Aug. 27, 2003.

---

Anthony J. Jenkins, Office of United States Attorney, St. Thomas, USVI, for Appellee.

Douglas J. Beevers, Office of Federal Public Defender, St. Thomas, USVI, for Appellant.

Francisco Javier–Lina, pro se, McRae, GA, Appellant.

Before ROTH, MCKEE and COWEN Circuit Judges.

OPINION

ROTH, Circuit Judge.

This is an appeal from an October 2, 2002, judgment of the District Court of the Virgin Islands. Defense Counsel has filed a motion to withdraw and supporting brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In September 1992, the appellant, Francisco Javier–Lina, pled guilty in Connecticut to possession of a controlled substance with intent to deliver. Subsequently, Javier–Lina was deported. On December 29, 2000, Javier–Lina approached the foreign arrivals section of the St. Thomas airport immediately after his flight landed. The

immigration officers discovered that his passport was false and refused to admit him to the United States. He was charged with re-entry after deportation in violation of 8 U.S.C. § 1326(a)(b).

On October 10, 2001, Javier–Lina pled guilty to re-entry after deportation as charged in Count II of the charging instrument. At the change of plea hearing, Javier–Lina moved to amend the charge on the ground that the factual basis was insufficient for "re-entry after deportation," because the facts only supported a charge of attempted re-entry after deportation. The court denied the motion. Subsequently, the District Court accepted the plea.

On October 2, 2002, Javier–Lina appeared for sentencing. Javier–Lina objected to the pre-sentence report's (PSR) determination that he had been convicted of an aggravated felony prior to his first deportation and that he had been convicted of a "drug trafficking" offense as defined in U.S.S.G. § 2L1.2 note 1(B)(iii). The court accepted the findings in the PSR, denied Javier–Lina's objections, and sentenced him to 71 months in prison.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. When evaluating the merits of counsel's motion to withdraw, our inquiry is twofold. We must evaluate (1) whether counsel's brief adequately fulfills the *Anders* requirements, and (2) whether an independent review of the record presents any non-frivolous issues. *See United States v. Youla,* 241 F.3d 296, 300 (3d Cir.2001).

Under *Anders,* if, after a conscientious examination of the case on appeal, court-appointed counsel "finds his case to be wholly frivolous ... he should so advise the Court and request permission to withdraw." 386 U.S. at 744, 87 S.Ct. 1396. The request must be accompanied by "a

brief referring to anything in the record that might arguably support an appeal." *Id.* The brief must (1) "satisfy the court that counsel has thoroughly examined the record in search of appealable issues," *Youla*, 241 F.3d at 300, (2) identify "issues arguably supporting" an appeal, *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000), and (3) explain why the issues are frivolous. *Youla*, 241 F.3d at 300.

Our first inquiry is whether counsel's brief meets the necessary requirements. *See Youla*, 241 F.3d at 300. Counsel identifies the following issues as arguably supporting an appeal: (1) Whether the factual basis for the charge of re-entry after deportation, to which Javier–Lina pled guilty, is insufficient, and whether any such error was harmless; and (2) Whether the District Court erred by failing to examine the full record of Javier–Lina's prior convictions under Connecticut law when it imposed the 16-level enhancement based on a prior conviction for "drug trafficking," as defined by U.S.S.G. § 2L1.2.

■ Defense counsel found the first arguably appealable issue frivolous. After making a diligent and thorough examination of the charges and the facts, counsel concludes that Javier–Lina's sentence would have been the same had he been properly convicted and sentenced for attempted re-entry after deportation. Therefore, the error was harmless, and the issue is frivolous.

■ As for the second arguably appealable issue, counsel performed an equally diligent and thorough investigation as to its merits. Counsel identified the argument's invalidity. Though the language of the Connecticut statute under which Javier–Lina was convicted can mean only an offer to distribute which does not necessarily involve "distributing or delivering" as required under § 2L1.2 for a level en-

hancement based on "drug trafficking," the court would have ultimately determined that Javier–Lina was convicted of possession of narcotics with intent to sell. When construing a broadly drafted statute, the general rule is that the sentencing court can take judicial notice of the charging documents to determine whether a person was convicted under specific parts of the statute. *United States v. Spell*, 44 F.3d 936, 939 (11th Cir.1995) (explaining that when statute is broad, sentencing court is no longer required to take strict "categorical approach" in determining from what type of crime prior conviction stemmed). Thus, the District Court would have determined that Javier–Lina's prior conviction did involve distribution and would permit a level enhancement pursuant to § 2L1.2. Therefore, the error was harmless and the issue is frivolous.

■ Counsel's brief identifies the arguably appealable issues and explains why they are frivolous. Furthermore, the brief is evidence that counsel thoroughly examined the record. After considering counsel's brief, we find that it appears adequate on its face.

Under *Anders*, "a copy of counsel's brief should be furnished to the indigent and time allowed [to the defendant] to raise any points that he chooses." 386 U.S. at 744, 87 S.Ct. 1396. A copy of defense counsel's brief was furnished to the defendant. Javier–Lina has failed to file a brief raising any other points.

As set forth above, the issues that the defense counsel has identified are wholly frivolous. Accordingly, the appeal is wholly frivolous. *Youla*, 241 F.3d at 299. As such, we will grant counsel's motion to withdraw and affirm the judgment of the District Court.