[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 28, 2008
THOMAS K. KAHN
CLERK

No. 07-10830
Non-Argument Calendar

----------------------------------------

D.C. Docket Nos. 05-22682-CV-JIC & 01-00377 CR-JIC

LAZARO CANTILLO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------------------------------

**(August 28, 2008)**

Before EDMONDSON, Chief Judge, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Lazaro Cantillo, a federal prisoner proceeding pro se, appeals the district

court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. Cantillo had

been convicted of drug and firearm offenses and was sentenced to 35 years' imprisonment.

We granted a certificate of appealability ("COA") on this issue: "Whether the district court erred in finding that the appellant had not been deprived of effective assistance of trial and appellate counsel when trial counsel failed to argue at sentencing that a prior conviction for burglary of an unoccupied dwelling did not constitute a 'crime of violence' to support a finding that the appellant was a career offender and appellate counsel failed to raise the issue on appeal." No reversible error has been shown; we affirm.

On appeal, Cantillo argues that he received ineffective assistance of counsel because his trial and appellate counsel failed to challenge the classification of his conviction for burglary of an unoccupied dwelling as a crime of violence. He asserts that this error prejudiced him because the improper classification qualified him as a career offender and caused him to receive a longer sentence.

In reviewing a district court's denial of a section 2255 motion, we review legal conclusions de novo and fact determinations for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo. Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008).

To prevail on a claim of ineffective assistance of counsel, defendant must demonstrate that (1) his counsel's performance was deficient, and (2) he suffered prejudice as a result of that deficient performance. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984).[1] About the first part, the proper measure of counsel's performance is reasonableness under prevailing professional norms; and our review of counsel's performance must be highly deferential. Id. at 2065. There is a "strong presumption" that counsel's conduct fell within the range of reasonable professional assistance. Id. About the second part, prejudice requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 2068.[2]

Based on the plain language of the Sentencing Guidelines' career offender provision and the caselaw of our circuit, Cantillo's trial and appellate counsel did not render deficient performance in failing to argue that burglary of an unoccupied dwelling was other than a crime of violence for career offender purposes. A defendant qualifies as a career offender if, among other things, he has at least two prior convictions of either a crime of violence or a controlled substance offense.

---

[1] The Strickland standard applies to trial and appellate counsel. Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987).

[2] A defendant must satisfy both parts of the test to show a Sixth Amendment violation; if he fails to demonstrate sufficiently one of these parts, we need not address the other. Id. at 2069.

U.S.S.G. § 4B1.1(a).  A "crime of violence" specifically includes "burglary of a dwelling."  U.S.S.G. § 4B1.2(a)(2).

While we never explicitly have concluded that burglary of an unoccupied dwelling is a crime of violence, neither have we distinguished between occupied and unoccupied dwellings in concluding that burglary of a dwelling is a crime of violence.  See United States v. Gonzalez-Lopez, 911 F.2d 542, 549 (11th Cir. 1990) (reasoning that "any burglary of a dwelling, by its nature, creates a substantial risk of physical" harm because "whenever an intruder enters a dwelling, a person may be present inside" and that encounter "may result in the use of physical force") (emphasis added) (internal quotation omitted).  In fact, we tacitly have indicated that a dwelling, unlike a structure, need not be occupied for a burglary of it to constitute a crime of violence under the Sentencing Guidelines.  See, e.g., United States v. Ray, 245 F.3d 1256, 1257 (11th Cir. 2001) (noting that a hotel guest room, occupied or not, constitutes a "dwelling" under the Sentencing Guidelines); United States v. Spell, 44 F.3d 936, 938 (11th Cir. 1995) ("By explicitly including the burglary of a dwelling as a crime of violence, the Guidelines intended to exclude from the violent crime category those burglaries which do not involve dwellings and occupied structures.").

4

Because the Sentencing Guidelines include burglary of a dwelling as a crime of violence and because our caselaw does not distinguish between burglaries of occupied and unoccupied dwellings, it was reasonable for trial and appellate counsel not to challenge Cantillo's conviction for burglary of an unoccupied dwelling. Trial and appellate counsel's failure to raise the argument does not constitute the sort of egregious error necessary to show that they were not acting as counsel guaranteed by the Sixth Amendment. See Strickland, 104 S.Ct. at 2064; see also Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (to show that counsel's conduct was unreasonable, defendant must demonstrate that no competent counsel would have taken the action that his counsel did take). We conclude that trial and appellate counsel rendered professionally competent assistance.[3]

On appeal, Cantillo also argues that trial and appellate counsel were ineffective for failing to challenge a conviction for hurling a missile, the other conviction that qualified him as a career offender. This issue was not specified in the COA; so we will not now address it. See Murray v. United States, 145 F.3d

---

[3]Because Cantillo has not demonstrated deficient performance by counsel, we need not address the prejudice element. But still, we conclude that Cantillo cannot show a reasonable probability that, but for trial and appellate counsel's failure to challenge his prior burglary conviction, the outcome of the proceedings would have been different. Based on the Sentencing Guidelines and caselaw, it was not reasonably probable that a trial or appellate court would have concluded that the conviction was less than a crime of violence.

1249, 1250-51 (11th Cir. 1998) (appellate review is limited to issue specified in COA). To the extent Cantillo seeks reconsideration of our previous order granting a COA and asks us to expand the COA, we decline to do so because Cantillo's request is both untimely and fails to show how we initially erred in denying him a COA on this issue.

AFFIRMED.