NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0325n.06

Case No. 18-5039

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 26, 2019
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| SHERMAN HARPER, | ) |
| | ) |
| Petitioner-Appellant, | ) |
| | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| UNITED STATES OF AMERICA, | ) TENNESSEE |
| | ) |
| Respondent-Appellee. | ) |
| | ) |
| _____/ | ) |

Before: MERRITT, GUY, and MOORE, Circuit Judges.

**MERRITT, Circuit Judge.** Sherman Harper, a federal prisoner represented by counsel, appeals a district court judgment denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. This court granted a certificate of appealability as to whether Harper's 1985 conviction for Attempt to Commit a Felony under a now-repealed Tennessee statute constitutes a "violent felony" that qualifies as a predicate offense under the Armed Career Criminal Act. For the reasons that follow, we reverse the district court's order denying Harper's § 2255 motion as it relates to his 1985 conviction for Attempt to Commit a Felony under Tennessee law, and remand to the district court for resentencing.

**I.**

In 2009, Harper pleaded guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g). The presentence report identified five prior Tennessee convictions as violent felonies: (1) a 1985 conviction for attempt to commit a felony, to wit, aggravated assault; (2) a 1986 conviction for shooting a missile calculated to produce death or great bodily harm into an occupied dwelling; (3) a 1993 conviction for sexual battery; (4) a 2002 conviction for setting fire to personal property; and (5) a 2006 conviction for aggravated assault. Due to these offenses, the district court sentenced Harper pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), to 188 months in prison and three years of supervised release. Harper did not file a direct appeal.

In 2015, Harper filed a motion pursuant to 28 U.S.C. § 2255.[1] In his § 2255 motion, Harper asserted that his convictions for attempt to commit a felony, shooting a missile, and aggravated assault no longer qualified as predicate convictions for purposes of the Armed Career Criminal Act in light of the Supreme Court's invalidation of the so-called "residual clause" in the Act. *Johnson v. United States*, 135 S. Ct. 2551 (2015). At the direction of the district court, the United States Probation Office submitted a memorandum addressing the impact of *Johnson* on Harper's sentence

---

[1] Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

concluding that Harper had three convictions that qualified under the Armed Career Criminal Act: aggravated assault; setting fire to personal property; and a Tennessee conviction for burning of personal property that was included in the presentence report but not previously designated as a predicate offense. Harper filed objections to the presentence report. The government filed a response, arguing that in addition to the predicate offenses identified by the Probation Office, Harper's conviction for attempt to commit a felony also qualified as a predicate offense under the Armed Career Criminal Act. The district court first concluded that the 2006 aggravated-assault conviction qualified as a predicate offense under the Armed Career Criminal Act's use-of-force clause. *See* 18 U.S.C. § 924(e)(2)(B)(i). Next, the court construed Harper's conviction for attempt to commit a felony as a conviction under Tennessee's former aggravated-assault statute and concluded that this conviction also qualified under the use-of-force clause. *See* Tenn. Code Ann. § 39-2-101(b)(2) (1982) (repealed 1989).[2] Last, the district court concluded that Harper's 2002

---

[2] The former aggravated assault statute reads in relevant part:

> (b) A person is guilty of the offense of aggravated assault ... if such person:
>
>> (1) Attempts to cause or causes serious bodily injury to another willfully, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;
>>
>> (2) Attempts to cause or willfully or knowingly causes bodily injury to another with a deadly weapon;
>>
>> (3) Assaults another while displaying a deadly weapon or while the victim knows such person has a deadly weapon in his possession;
>>
>> (4) Being the parent or custodian of a child or the custodian of an adult, willfully or knowingly fails or refuses to protect such child or adult from an aggravated assault described in subdivisions (b)(1), (2), or (3); or
>>
>> (5) After having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit a battery against an individual or individuals, attempts to cause or causes bodily injury or commits or attempts to commit a battery against such individual or individuals.

Tenn. Code Ann. § 39-2-101 (1982).

conviction for setting fire to personal property qualified as a predicate conviction under the Armed

Career Criminal Act's enumerated-offenses clause. *See* 18 U.S.C. § 924(e)(2)(B)(ii). The court did

not address Harper's other convictions and declined to issue a certificate of appealability. In his

application for a certificate of appealability to our court, Harper argued that his convictions for

aggravated assault, attempt to commit a felony, and setting fire to personal property do not qualify

as predicate offenses under the Armed Career Criminal Act. We granted a certificate of appealability

only as to Harper's 1985 conviction for attempt to commit a felony, finding that jurists of reason

could find it debatable whether that conviction qualifies as a violent felony under the Armed Career

Criminal Act.[3]

## II.

The Armed Career Criminal Act carries a mandatory minimum sentence of fifteen years in

prison for a person who violates § 922(g) and has three prior convictions for a violent felony or a

serious drug offense. 18 U.S.C. § 924(e)(1). A "violent felony" includes "any crime punishable by

imprisonment for a term exceeding one year" that:

> (i)      has as an element the use, attempted use, or threatened use of physical force
> against the person of another [the use-of-force clause]; or
> (ii)     is burglary, arson, or extortion, involves use of explosives [the enumerated
> offenses clause], or *otherwise involves conduct that presents a serious potential
> risk of physical injury to another* [the residual clause].

18 U.S.C. § 924(e)(2)(B) (emphasis added). In *Johnson*, the Supreme Court held that the residual

clause in subsection (ii) was unconstitutionally vague and that increasing a defendant's sentence

under the clause was a denial of due process. 135 S. Ct. at 2556-57. Consequently, the imposition

---

[3] We held that Harper's 2006 conviction for aggravated assault qualified as a predicate offense under the Armed Career Criminal's use-of-force clause, 18 U.S.C. § 924(e)(2)(B)(i), and also held that Harper's 2002 conviction for setting fire to personal property qualifies under the Armed Career Criminal Act's enumerated-offenses clause. 18 U.S.C. § 924(e)(2)(B)(ii) (first clause). The use of these two convictions as predicate offenses under the Armed Career Criminal Act is not before us on appeal.

of an enhanced sentence violates due process if a predicate conviction qualifies *only* under the residual clause. *Id.* If a conviction is found to qualify under either the use-of-force clause in subsection (i), or the enumerated-offenses clause in subsection (ii), it will continue to count as a predicate offense. The Court's holding in *Johnson* constitutes a new substantive rule of constitutional law made categorically retroactive to cases on collateral review by the Supreme Court. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016); *In re Watkins*, 810 F.3d 375, 383 (6th Cir. 2015).

The question before us is whether Harper's 1985 conviction for Attempt to Commit a Felony under Tennessee law is a "violent felony" for purposes of the Armed Career Criminal Act. In deciding whether an offense qualifies as a violent felony under the Act, the categorical approach first adopted in *Taylor v. United States*, 495 U. S. 575 (1990), requires courts to evaluate a prior state conviction by reference to the elements of the state offense, rather than to the defendant's conduct on a particular occasion. In *Descamps v. United States*, 570 U.S. 254 (2013), the Court reaffirmed its commitment to a "strict categorical approach" for most instances in which a sentencing court must determine whether a charged crime qualifies as a predicate offense and the basis for a sentencing enhancement. In the strict categorical approach, the court must:

> [C]ompare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—i.e., the offense as commonly understood. The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense.

*Id*. at 277-78. *Descamps* held that the determination of a predicate offense under the Armed Career Criminal Act must be made *solely* by examining the elements of the criminal statute, rather than analyzing the facts surrounding the commission of the crime. In other words, for sentencing enhancement purposes, it does not matter whether a defendant actually used violent force to commit a crime; it matters only whether some violent force is an element of the crime. If the elements of the

crime could be met without the use of violent force, then it cannot qualify as a predicate offense. *Id.* at 2293.

However, a sentencing court may employ a "modified categorical approach'' when the criminal statute at issue is divisible—i.e., when the statute sets out one or more elements of the offense in the alternative. The modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court then compares the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (If a statute "list[s] elements in the alternative, and thereby define[s] multiple crimes," the court may "look[] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of.") (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

Turning to the conviction at issue on this appeal, Harper was indicted on a charge of aggravated assault but pleaded guilty to the lesser-included-offense of attempt to commit a felony under Tennessee law. Presentence Investigation Report at 7. Tennessee's former general attempt statute provided:

> 39–1–501. Attempt to commit felony.—If any person attempts to commit any felony or crime punishable by imprisonment in the penitentiary, where the punishment is not otherwise prescribed, he shall, on conviction, be punished by imprisonment in the penitentiary not exceeding five (5) years, or, in the discretion of the jury, by imprisonment in the county workhouse or jail not more than one year, and by fine not exceeding five thousand dollars ($5,000).

Tenn. Code Ann. § 39-1-501 (1982) (repealed 1989). The district court construed the attempt conviction as imposed pursuant to Tennessee's former aggravated-assault statute, which included the offense of attempted aggravated assault and provided for a sentence of two to ten years. *See*

Tenn. Code Ann. § 39-2-101(b) (1982) (repealed 1989); *State v. Hamrick*, 688 S.W.2d 477, 482 (Tenn. Crim. App. 1985). The district court concluded that the offense qualified as a predicate conviction under the Armed Career Criminal Act's use-of-force clause. 18 U.S.C. § 924(e)(2)(B)(ii) (first clause). Although the indictment charged Harper with aggravated assault, he did not plead guilty to aggravated assault and was not convicted of that crime. He pled guilty to the lesser-included offense of "Attempt to Commit a Felony to wit: Aggravated Assault," and was sentenced to one day per week in the local workhouse for a period of three months. This sentence is consistent with a conviction under the attempt-to-commit-a-felony statute, not with the higher sentencing range under the aggravated assault statute. *Compare* Tenn. Code Ann. § 39-1-501 (Attempt to Commit a Felony) *with* Tenn. Code Ann. § 39-2-101(c) (aggravated assault). We may look only to Tennessee's Attempt to Commit a Felony statute, not to Tennessee's aggravated assault statute, to determine if Harper's conviction qualifies as a predicate offense under the Armed Career Criminal Act.

Relevant to our purposes here, when Harper was convicted it was generally understood that the elements of a criminal attempt under the now-repealed Tennessee attempt-to-commit-a-felony statute, § 39-1-501, were "(1) an intent to commit a specific crime; (2) an overt act; and (3) failure to consummate the crime." *State v. Jackson*, 697 S.W.2d 366, 370-71 (Tenn. Crim. App. 1985), *overruled by State v. Thorpe*, 463 S.W.3d 851, 862-63 (Tenn. 2015).[4] Applying the holding of *Descamps*, it is evident that the attempt statute, § 39-1-501, has only one set of elements and is not divisible. Nothing in the statute itself requires "the use, attempted use, or threatened use of physical force." 18 U.S.C. § 924(e)(2)(B)(i). Violence, or even the threat of violence, is not an element of

---

[4] In *Thorpe*, the Tennessee Supreme Court held that, notwithstanding the statement in *Jackson* and other cases, failure to complete the crime is not an element of criminal attempt in Tennessee. 463 S.W.3d at 862-63; *see also Wyatt v. State*, 24 S.W.3d 319, 323 (Tenn. 2000) (setting out the only two elements of criminal attempt as the requisite intent and an act in furtherance of the crime).

the offense and the statute does not necessarily describe a crime of violence. Instead, the statute broadly covers attempts to commit both violent and nonviolent felonies. For that reason, the modified categorical approach, which would allow the sentencing court to look to charging documents, may not be used to determine whether the specific facts of Harper's attempt offense qualify as a violent felony under the Armed Career Criminal Act. Relying on the categorical approach, which looks only to the elements of the statute itself, Harper's Tennessee conviction for "attempt to commit a felony" under Tenn. Code Ann. 39-1-501 cannot be counted as a predicate offense under the Act's use-of-force clause.

The government concedes that the attempt statute, Tenn. Code Ann. § 39-1-501, is an indivisible statute and that it "broadly covers attempts to commit both violent and non-violent felonies." Gov't Br. at 20. Despite this concession, it argues that the court should apply the modified categorical approach and examine the indictment to find that Harper was convicted of a violent felony. The language of the indictment indicates that he attempted to commit aggravated assault with a deadly weapon. The government contends that from the indictment language the court can ascertain that Harper violated Tennessee's aggravated assault statute, Tenn. Code Ann. § 39-2-101(b)(2), and that his conviction "qualifies as a violent felony under the use-of-force clause of the [Armed Career Criminal Act]." Gov't Br. at 16. But the Supreme Court explicitly rejected this approach in *Descamps*, holding that courts may only examine charging documents where the statute of conviction is divisible, not simply because it covers crimes that are both violent and nonviolent. *See also Taylor*, 495 U.S. at 600 (defining a violent felony under the Armed Career Criminal Act as "any crime punishable by imprisonment for more than a year that '*has as an element'—not any crime that, in a particular case, involves*—the use or threat of force.") (emphasis added). The government does not cite to any cases from our court or the Supreme Court

to support its argument. The cases it cites address convictions under Tennessee's aggravated assault statute, not convictions for Attempt to Commit a Felony.

The government also contends that a sentencing court may look to the elements of a statute other than the statute of conviction to determine whether it constitutes a violent felony under the Armed Career Criminal Act. The government cites to *James v. United States*, 550 U.S. 192 (2007), a case that was overruled by *Johnson*. 135 S. Ct. at 2563 ("Our contrary holdings in *James* and *Sykes* are overruled."). *James* addressed whether a conviction under a Florida attempted burglary statute could be used as a predicate offense for purposes of the Armed Career Criminal Act. It allowed a sentencing court to look to the elements of the crime attempted, burglary, as well as the attempt statue itself. But the analysis fell under the now-defunct residual clause. *James* predates *Descamps*, which clarified that a sentencing court may only look to the elements of an indivisible statute to determine if it qualifies as a predicate offense.

Harper was convicted of attempt to commit a felony, not aggravated assault. The statute did not list alternative elements, so it was not divisible. The elements of the attempt statute did not categorically include the use or threat of violence, and the specific facts underlying Harper's conviction cannot be considered. *Descamps* requires strict adherence to the categorical approach in the case of an indivisible statute like Tennessee's attempt-to-commit-a-felony statute, so Harper's 1985 conviction for Attempt to Commit a Felony does not qualify as a predicate offense under the Armed Career Criminal Act.

### III.

### Burning of Personal Property as an Additional Predicate Offense

The government also argues that the presentence report inadvertently omitted Harper's 2002 conviction for Burning of Personal Property as a qualifying predicate offense. The

conviction is mentioned in the original presentence report, but the Probation Office did not originally include it as one of the qualifying offenses for purposes of the Armed Career Criminal Act. The government raised this issue below, but the district court did not address it, and it is not addressed in the certificate of appealability. The government renews its request on appeal.

The similar offense of Setting Fire to Personal Property is one of the previous qualifying offenses that led to Harper's sentence as an Armed Career Criminal. The government maintains that a Burning of Personal Property conviction would also qualify as a predicate offense. It contends that the offense of Burning of Personal Property was committed on a separate occasion from the qualifying predicate offense of Setting Fire to Personal Property and they therefore constitute two separate predicate offenses for purposes of the Armed Career Criminal Act. *See* 18 U.S.C. § 924(e)(1) ("three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on different occasions from one another"). Harper argues that the government has not met its burden to establish that the two offenses took place on separate occasions. The Judgment for the offense indicates that the Burning of Personal Property offense took place on July 8, 2000, the same date as his predicate offense of Setting Fire to Personal Property. The government relies on the dates in the indictment and the presentence report to argue that the incidents occurred on separate occasions.

The question of whether the presentence report overlooked an additional qualifying predicate offense is best reserved for the district court to address in the first instance. *See, e.g., United States v. Daye*, 571 F.3d 225 (2d Cir. 2009) (remanded to the district court to determine whether two state convictions were committed on separate occasions), *abrogated on other grounds by Johnson v. United States*, 135 S. Ct. 2551 (2015). The question of whether the offenses are

separate for purposes of qualifying as predicate offenses under the Armed Career Criminal Act is at least partly factual in nature, and should not be addressed by our court as an initial matter.

For the foregoing reasons, we reverse the judgment of the district court and remand for proceedings consistent with this opinion.

**KAREN NELSON MOORE, Circuit Judge, concurring in the judgment.** I need not decide whether Tennessee's general attempt-to-commit-a-felony statute, Tenn. Code Ann. § 39-1-501, is indivisible or divisible because either way, Harper's conviction under it does not qualify as an ACCA predicate offense.

If the statute of conviction, Attempt to Commit a Felony, is indivisible, it is categorically overbroad because it encompasses attempts to commit both violent and non-violent felonies. *United States v. Burris*, 912 F.3d 386, 392 (6th Cir. 2019) (en banc); *see also* Gov't Br. at 20 (quoting *Hill v. United States*, No. 03-CR-10101-JDT, 2018 WL 358516, at *2 (W.D. Tenn. Jan. 10, 2018)) (admitting that the statute "broadly covers attempts to commit both violent and non-violent felonies"). When the statute of conviction is indivisible and overbroad, we do not consult *Shepard* documents to see whether the defendant violated it in a violent or non-violent manner. *See Descamps v. United States*, 570 U.S. 254, 258 (2013). Therefore, if the general attempt-to-commit-a-felony statute is indivisible, Harper's conviction under it cannot count as an ACCA predicate offense and the analysis ends there.

If the general attempt-to-commit-a-felony statute is divisible, however, as I understood the government to argue "openly" for the first time at oral argument,[1] it would divide into multiple crimes of attempt to commit specific substantive felonies. The government argues that the elements of these crimes would be both those of attempt and those specific to each substantive

---

[1] I express my disapproval of the government's belated revelation of its argument that Tenn. Code Ann. § 39-1-501 is a divisible statute. The ACCA and its categorical and modified categorical approaches are notoriously tricky, and determining whether a statute is divisible or indivisible is a starting point for much of our analysis. *See Mathis v. United States*, 136 S. Ct. 2243, 2264 (2016) (Breyer, J., dissenting) (describing the process of determining whether a statute is divisible or indivisible as a "time-consuming legal tangle"). In adversary litigation, the parties must clearly articulate their arguments and give their opponents a fair chance to attack them head on. I cannot fathom why the government took a stance on this critical determination only when pressed at oral argument. Such a tactic leaves the parties talking past one another and is unhelpful to the court. Here, prior to oral argument, Harper's counsel had reasonably interpreted the Government's briefing to mean that the Government had conceded that the statute was indivisible. The lead opinion likewise concludes that the government has made such a concession.

offense. Gov't Br. at 22–24. Following the modified categorical approach, I would then peek at the appropriate *Shepard* documents to see under which set of elements Harper was convicted. *Descamps*, 570 U.S. at 263.

Which materials would be appropriate *Shepard* documents here? "[A] conviction based on a guilty plea can qualify as an ACCA predicate only if the defendant 'necessarily admitted [the] elements'" that would categorically qualify as a violent felony. *Id.* at 262 (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)) (second alteration in original). When a defendant pleads guilty to a distinct and lesser crime than that charged in the indictment, we cannot say that his guilty plea necessarily involved admitting the elements of the crime charged in the indictment. Accordingly, in *Dillard v. United States*, we recently held that where a defendant "pleaded guilty to crimes not charged in the indictments and no other *Shepard* documents indicate the crime of conviction, his indictments cannot be considered as *Shepard* documents under the modified categorical approach." *Dillard*, ---F. App'x---, 2019 WL 1579694, at *8 (6th Cir. Apr. 12, 2019). This holding followed from our prior precedent. For example, in *United States v. Bernal-Aveja*, we held that "[b]ecause [the defendant] did not plead guilty to, and therefore was not actually convicted of [the greater crime] contained in the indictment, the indictment alone is insufficient to meet the government's burden of proving that [he] was previously convicted of a 'crime of violence.'" 414 F.3d 625, 628 (6th Cir. 2005); *see also United States v. Spell*, 44 F.3d 936, 940 (11th Cir. 1995) ("[A] district court may not rely on a charging document without first establishing that the crime charged was the same crime for which the defendant was convicted.").

Harper's judgment reflects a conviction under a different, lesser statute than the crime for which he was indicted. The judgment contains no information specifying which prong of the aggravated assault statute Harper attempted to violate. Even if we construe the indictment

explicitly to charge Harper with violating § 39-2-101(b)(2) because it tracks that prong's language, we have no way of knowing that he pleaded guilty to attempting to violate that same prong. *Dillard*, 2019 WL 1579694, at *7 ("Because [in Tennessee] there is no requirement that a defendant who enters a plea agreement be convicted only of a lesser-included offense, the indictment itself does not necessarily shed any light on the actual crime of conviction."). The government argued at oral argument that it is only logical that Harper's plea to Attempt to Commit a Felony would have been to that specific prong, but could cite no legal authority to support that argument. That is not enough to go on. Harper's plea to a different, lesser charge is significant. *See Taylor v. United States*, 495 U.S. 575, 601–02 (1990) (noting that "if a guilty plea to a lesser . . . offense was the result of a plea bargain, it would seem unfair to impose a sentence enhancement as if the defendant had pleaded guilty to the [charged offense]"). "The fact that [Harper's] conviction was obtained through a plea agreement heightens our concern that [his] sentence enhancement may rely upon a crime for which he was never convicted." *Spell*, 44 F.3d at 940. Furthermore, Harper was indicted for *three counts* of aggravated assault, but pleaded guilty to only *one count* of attempt to commit a felony. The inconsistencies between the indictment and the judgment prevent me from concluding that in entering his guilty plea Harper necessarily admitted the elements of indicted crime.

I cannot say for certain that the charges in the indictment were "essential to the offense to which [the] defendant entered his plea." *United States v. Gardner*, 649 F.3d 437, 442 (6th Cir. 2011) (quoting *United States v. Arnold*, 58 F.3d 1117, 1124 (6th Cir. 1995)). The parties agree that the record is devoid of a plea colloquy or plea agreement; I therefore cannot be sure about which elements Harper admitted during the process in which three charges of aggravated assault became a conviction for one count of Attempt to Commit a Felony, to wit: aggravated assault.

The indictment is not a valid *Shepard* document that I may consider to determine what elements Harper necessarily admitted, and whether those elements categorically constitute a violent felony. Accordingly, I reject the government's invitation to consider it and instead consult the criminal judgment alone.

The sole proper *Shepard* document, the criminal judgment, reveals that Harper pleaded guilty to Attempt to Commit a Felony, to wit: aggravated assault. So, if the general attempt-to-commit-a-felony statute is divisible, the elements of Harper's crime of conviction would be general attempt elements plus the elements of aggravated assault. The aggravated assault statute is itself a divisible statute because it "set[s] forth one or more elements of the offense in the alternative, thereby defining multiple crimes." *Burris*, 912 F.3d at 404. Again, I peek at the admissible *Shepard* document to determine under which set of its elements Harper was convicted to determine whether they necessarily required the use of violent force. *Descamps*, 570 U.S. at 263. But the permissible *Shepard* document sheds no light on this question. As the government admits, the criminal judgment "does not indicate to which prong of Tenn. Code Ann. § 39-2-101(b) Harper pleaded guilty." Gov't Br. at 16. I have already ruled out the indictment (which also does not explicitly reference a particular prong).

Therefore, I must analyze Tenn. Code Ann. § 39-2-101(b) as a whole to see whether a conviction under it always required the use of violent force. It did not. The statute covered at least some non-violent conduct under § 39-2-101(b)(4), which criminalized "willfully or knowingly *fail[ing] or refus[ing] to protect*" a child or adult in one's custody "from an aggravated assault." Tenn. Code Ann. § 39-2-101(b)(4) (emphasis added). This prong covered an omission rather than an act; it did not require the perpetrator himself to use violent force, either directly or indirectly. *See Voisine v. United States*, 136 S. Ct. 2272, 2278 (2016) (defining use of force as the "act of

employing" force); *see also United States v. Castleman*, 572 U.S. 157, 170 (2014) (giving examples of indirect force, all of which involve affirmative acts rather than omissions or failures to prevent another from using force). The crime of conviction is therefore categorically overbroad because a conviction under it could be obtained without proving the use of violent force. *See Burris*, 912 F.3d at 406 (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013)) ("[I]f the *Shepard* documents in a particular case do not make clear under which subsection of the relevant statute a defendant was convicted, sentencing courts must 'presume that the conviction rested upon nothing more than the least of the acts criminalized,' which means that the conviction does not qualify as a predicate under . . . the ACCA . . . elements clause[]."). Accordingly, even if the attempt-to-commit-a-felony statute under which Harper was convicted is divisible, Harper's conviction for attempting to commit the felony of aggravated assault is not a predicate offense under the ACCA's elements clause. Taking a different path than the lead opinion, I arrive at the same outcome.