United States Court of Appeals,

Eleventh Circuit.

No. 95-8418

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

William Leon ADAMS, Defendant-Appellant.

Aug. 14, 1996.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:94-CR-340), G. Ernest Tidwell, Chief Judge.

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

William Leon Adams appeals his conviction and sentence for: (1) armed bank robbery in violation of 18 U.S.C. §§ 2113(a) & (d); (2) using and carrying a firearm during and in relation to the commission of a crime of violence in violation of 18 U.S.C. § 924(c); and (3) being a previously convicted felon in possession of a handgun in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Adams raises three issues on appeal, all of which we reject.

I.

Adams contends that, in light of the Supreme Court's decision in *United States v. Lopez,* --- U.S. ----, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), Congress exceeded its Commerce Clause power in regulating the mere possession of a gun under 18 U.S.C. § 922(g)(1). He argues that his conviction and sentence under that section should be reversed. However, in *United States v. McAllister,* 77 F.3d 387, 390 (11th Cir.1996), we upheld the

constitutionality of § 922(g)(1) in the face of a *Lopez* challenge identical to Adams'. Accordingly, we reject his argument.

## II.

Next, Adams contends that the district court improperly applied the "armed career criminal" enhancement, 18 U.S.C. § 924(e), to his sentence. He argues that that enhancement is not applicable to him, because of the Supreme Court's decision in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). In *Taylor,* the Court held that the term "burglary," as used in § 924(e), means burglary in the "generic" sense, which requires an unlawful entry into "a building or other structure." Thus, non-generic burglaries, such as car burglaries, do not count as burglaries for purposes of § 924(e). *Id.* at 599, 110 S.Ct. at 2158. Even so, the Court held that a conviction under a non-generic burglary statute may be counted for purposes of enhancement under § 924(e) if the conviction was, in essence, for a generic burglary. *Id.* at 599-600, 110 S.Ct. at 2158-59. In particular, the Court stated that a non-generic burglary conviction may be counted "if ... the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." *Id.* at 602, 110 S.Ct. at 2160.

Adams contends that, under *Taylor,* his convictions for burglary under Georgia's non-generic burglary statute do not constitute burglary offenses for purposes of § 924(e), because they were obtained by guilty pleas instead of by jury trials. The thrust of Adams' argument is that a conviction under a non-generic

burglary statute does not suffice as a § 924(e) predicate for enhancement, unless the jury instruction for that conviction demonstrates that the "jury [was] actually required to find all of the elements of a generic burglary in order to convict the defendant." *Id.* Because Adams pleaded guilty, and there was no jury instruction, he argues his prior convictions may not form the basis for a § 924(e) enhancement.

In *United States v. Spell,* 44 F.3d 936, 939 (11th Cir.1995), we addressed whether a prior conviction under Florida's non-generic burglary statute constituted a "burglary" for purposes of a § 4B1.1 "career offender" enhancement. *See* United States Sentencing Guidelines §§ 4B1.1 and 4B1.2 (Nov.1995). We held that, because *Taylor* concerned a different enhancement provision (§ 4B1.4),[1] its categorical approach to defining "burglary" was not binding with regard to §§ 4B1.1 and 4B1.2, and that under §§ 4B.1.1 and 4B1.2 a court could "look behind the judgment of conviction" without restraint from *Taylor. Spell,* 44 F.3d at 939. Even so, we reasoned that, just as it was true under § 4B1.4 in *Taylor,* so was it true under §§ 4B1.1 and 4B1.2 that the "practical difficulties of holding mini-trials on a defendant's prior convictions counsel against looking beyond the fact of conviction." *Id.* Thus, we concluded that our "look behind the judgment of conviction" must be "limited to examining easily produced and evaluated court documents, including the judgment of conviction, charging papers,

---

[1]Section 4B1.4 provides that "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal." U.S.S.G. § 4B1.4 (Nov.1995).

plea agreement, presentence report adopted by the court, and the findings of a sentencing judge." *Id.* Although our decision in *Spell* is instructive for present purposes, it did not address the question before us today: whether under *Taylor* 's categorical approach, the government may use some means, other than a jury instruction, to establish that the prior conviction resulted from a generic burglary for purposes of enhancement under § 924(e). Several circuits have addressed this question, and have held that, contrary to Adams' contention, a conviction under a non-generic burglary statute may still constitute a "burglary offense" for purposes of § 924(e), even though there was no jury trial and no jury instruction. *See United States v. Harris,* 964 F.2d 1234, 1236 (1st Cir.1992); *United States v. Garza,* 921 F.2d 59, 61 (5th Cir.), *cert. denied,* 502 U.S. 825, 112 S.Ct. 91, 116 L.Ed.2d 63 (1991); *United States v. Kaplansky,* 42 F.3d 320, 322 (6th Cir.1994) (en banc); *United States v. Gallman,* 907 F.2d 639, 645 n. 7 (7th Cir.1990), *cert. denied,* 499 U.S. 908, 111 S.Ct. 1110, 113 L.Ed.2d 219 (1991); *United States v. Taylor,* 932 F.2d 703, 708 (8th Cir.), *cert. denied,* 502 U.S. 882, 112 S.Ct. 232, 116 L.Ed.2d 188 (1991); *United States v. Sweeten,* 933 F.2d 765, 769-71 (9th Cir.1991); *United States v. Strahl,* 958 F.2d 980, 983 (10th Cir.1992). Those seven circuits have concluded that under *Taylor* the government may use some means, other than a jury instruction, to establish that the prior conviction resulted from a generic burglary. We agree with those circuits.

In this case, the district court considered the presentence investigation report ("PSR") in determining that Adams' prior

convictions under Georgia's non-generic burglary statute constituted "burglaries" under § 924(e), *i.e.,* generic burglaries. The PSR documented Adams' prior convictions, pursuant to his guilty pleas, for burglarizing both dwellings and businesses. The information contained in the PSR about Adams' prior convictions established that they were generic burglaries under *Taylor* and therefore those burglaries were properly counted for purposes of the § 924(e) enhancement.

Nothing in *Taylor* suggests that a defendant with prior convictions from a state with a non-generic burglary statute may escape the application of § 924(e) simply by pleading guilty and thereby avoiding the creation and use of jury instructions. *See, e.g., Harris,* 964 F.2d at 1236. Accordingly, the district court did not err in applying the § 924(e) enhancement.

## III.

Finally, Adams contends that the evidence was insufficient to support his conviction for armed bank robbery in violation of 18 U.S.C. §§ 2113(a) & (d), and his conviction for using and carrying a firearm during and in relation to the commission of a crime of violence in violation of 18 U.S.C. § 924(c). Generally, we review whether the evidence is sufficient to support a conviction *de novo. United States v. Vazquez,* 53 F.3d 1216, 1224 (11th Cir.1995). However, when the defendant fails to renew his Federal Rule of Criminal Procedure 29 motion for a judgment of acquittal at the close of the defense case, as did Adams, we "may reverse only to prevent a manifest miscarriage of justice." *United States v. Hamblin,* 911 F.2d 551, 556-57 (11th Cir.1990) (footnote omitted),

*cert. denied,* 500 U.S. 943, 111 S.Ct. 2241, 114 L.Ed.2d 482 (1991).

The manifest miscarriage of justice standard "require[s] a finding that the evidence on a key element of the offense is so tenuous that a conviction would be shocking."  *United States v. Tapia,* 761 F.2d 1488, 1492 (11th Cir.1985) (quoting *United States v. Landers,* 484 F.2d 93, 94 (5th Cir.1973) (footnote omitted), *cert. denied,* 415 U.S. 924, 94 S.Ct. 1428, 39 L.Ed.2d 480 (1974)). That is certainly not the case here, where Adams' arguments amount to quarreling with the jury's credibility determinations and ignore the force of the evidence that the police found the stolen "bait" bills on him.

IV.

We AFFIRM Adams' conviction and sentence.