**UNITED STATES of America**

v.

**Russell A. BREITWEISER, Defendant(s).**

**No. CRIMA1:01CR50201JEC.**

United States District Court, N.D. Georgia, Atlanta Division.

Sept. 17, 2002.

E. Vaughn Dunnigan, Assistant United States Attorney, Atlanta, GA, for U.S.

Paul Stephen Kish, Federal Defender Program, Atlanta, GA, for defendant.

### SUPPLEMENT TO COURT'S ORAL RULING AT SENTENCING

CARNES, District Judge.

**Background**

Following a jury trial, defendant was convicted of engaging in and causing sexu-

al contact with another person, in violation of 18 U.S.C. §§ 2244(a)(3) and 2247(a). The conviction arose out of defendant's contact with a fourteen year old girl whom he was seated next to on an interstate airline flight. On August 15, 2002, this Court held a second sentencing hearing in the above case and imposed sentence. Prior to doing so, the Court addressed several legal matters, including the question of the statutory maximum in this case. In doing so, the Court touched briefly on its reasoning for concluding that the applicable recidivist statute applies here. This written Order provides case citations for the cases mentioned by the Court at the sentencing hearing and it articulates, more formally, the Court's reasoning.

Specifically, the question before the Court was whether 18 U.S.C. § 2247(a), which is the recidivist provision applicable to the sexual offense statute in this case, applied here. If applicable, this section would serve to double the statutory maximum otherwise provided. Stated another way, application of the recidivist statute would double the statutory maximum from two (2) to four (4) years. 18 U.S.C. § 2247(a).

The prior predicate state conviction in this case [1] emanated from a New Jersey statute that proscribed the endangerment and debauching of minor children. Defendant has argued that although this statute encompassed conduct that would trigger application of the federal recidivist statute, it also covered conduct that would lie outside the ambit of that recidivist statute.

Accordingly, defendant argued that because it is *conceivable* that his prior conduct did *not* implicate the elements required to trigger the recidivist statute, this prior conviction cannot constitute a predicate offense for purposes of the federal recidivist statute.

### Categorical Approach—Case Law

Accordingly, the question before this Court turned on whether the Court was required to apply a "categorical" approach, which allows one only to look at the elements of the prior offense, or instead whether one could look to the facts underlying that conviction to discern whether the conduct committed by the defendant fit the elements required for enhancement as a predicate offense. Defendant argued that a categorical approach would mean that the recidivist statute could not apply in this case. If one instead examined whether the defendant had actually committed specified conduct that was the subject of a prior conviction, however, defendant conceded that the recidivist statute would apply here.

The Court noted that the categorical approach had been followed by the Supreme Court in *Taylor v. United States,* 495 U.S. 575, 600–02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), wherein the latter construed the Armed Career Criminal statute (ACC), 18 U.S.C. § 924(e), to require that approach.[2] This Court construed the Supreme Court's decision to be driven by its interpretation of the language of the statute, not by a determination that all recidi-

---

**1.** The Court adopts the Presentence Report, which sets out defendant's criminal history, including his convictions for sexual molestation or related conduct.

**2.** It should be noted, however, that even though the Supreme Court indicated that one

should follow a "categorical" approach in determining whether a prior conviction is for a specified predicate crime, the Court envisioned some exceptions to this rule. *See* discussion *infra.*

vist statutes can look only to the elements of the underlying prior statute of conviction. Indeed, this Court noted that the Eleventh Circuit has confirmed that the wording of the provision is pivotal. For example, *in United States v. Fulford*, 267 F.3d 1241, 1250 (11th Cir.2001), the Eleventh Circuit noted that because the language in the "three strikes statute," 18 U.S.C. § 3559(c)(2)(D), differs from that at issue in *Taylor*, *Taylor's* categorical approach does not *necessarily* control. Nevertheless, independently construing the statute before it, the panel ultimately concluded that a categorical approach was required by the language of the statute before it. Likewise, in *United States v. Spell*, 44 F.3d 936, 938–40 (11th Cir.1995), the Eleventh Circuit held that because the career offender provision of the Sentencing Guidelines required one to look at the *conduct* for which the defendant was convicted in the case at issue, the sentencing court erred in taking a categorical approach. *Cf. United States v. Gonzalez–Lopez*, 911 F.2d 542, 546–47 (11th Cir. 1990) (where sentencing enhancement provision of the Sentencing Guidelines conditioned enhancement on conduct that is included "as an element" of an offense, the inquiry is legal, not factual).

### Section § 2426(b) Is Not Necessarily Subject To A Categorical Approach

Section 2247, the recidivist statute applicable in this case, is triggered only upon proof of a "prior sex offense conviction." 18 U.S.C. § 2247(a). Section 2247(b) refers the reader to § 2426(b) for a definition of that term. Section 2426(b)(1)(B) provides that a "prior sex offense conviction" is a conviction under State law for an "offense consisting of conduct" that would be an offense under federal law, if that conduct had occurred in federal jurisdiction.

As this Court noted at the sentencing hearing, it concluded that § 2426(b) called for an inquiry into the conduct committed by the defendant, not the categorical approach advocated by the defendant. The Court reached this conclusion primarily because of the difference in the language of this statute, as opposed to that contained in the ACC, which was construed in *Taylor*. As the latter had a provision that looked to the elements of the underlying statute, the Supreme Court concluded that Congress intended that the same sort of approach was required in construing the provision of this same statute that referenced "burglary" as a predicate offense. With regard to § 2426(b), however, there is no direction that one look to the elements of a statute when determining whether a given statute constitutes a predicate offense. Instead, the statute defines a "prior sex offense conviction" as "a conviction for an offense ... under State law for an offense *consisting of conduct* that would have been an offense under [§ 2244(a)(3)]." (emphasis added.) The Court concludes that one can therefore look to the conduct for which the defendant was convicted.

Here, it is undisputed that the conduct underlying defendant's plea of guilty to the New Jersey charge constituted abusive sexual contact, under § 2244(a)(3), and would therefore constitute an appropriate predicate crime to trigger the recidivist statute. Indeed, in his plea colloquy, defendant admitted to "petting" two different thirteen year old girls, including touching their breasts. Defendant does not dispute that such conduct would violate § 2244(a)(3).

The Court also concludes, for reasons other than just the above linguistic analysis, that Congress likely did not intend to

adopt a cramped, categorical approach. As the Government has noted, there are a myriad of different State iterations of child molestation charges, using different verbiage to describe similar conduct. Not all statutes are narrowly drawn to include only certain specified conduct; instead many, like this New Jersey statute, are drafted broadly. Under defendant's argument, if an offender happened to live in a state that used broadly drafted statutes that encompassed conduct other than just the proscribed sexual contact, the defendant could never be considered a recidivist, even if he had engaged in, and been convicted for, the most egregious prior molestation of children. It would seem odd, given the recognition of the propensity of pedophiles for recidivism and the danger that this risk poses to children, that Congress would want the potential for an enhanced statutory maximum to depend on the fortuity of the language of a given state statute.

Moreover, there is another logical reason why Congress might want to use the narrow, categorical approach in the ACC or the "three strikes" statute, but not use as limited an approach in the federal sexual abuse statutes. Specifically, Congress provides for very different sorts of punishment in the two different types of statute. The ACC and the "three strikes" provisions call for greatly increased mandatory sentences. With regard to the former, which is triggered when a defendant is convicted of possessing a firearm after having three prior predicate felony convictions, the statute calls for a mandatory minimum sentence of fifteen years. With regard to the "three strikes" provision, this statute calls for a mandatory *life* sentence when a defendant is convicted of a violent felony and has been convicted on two previous occasions of defined predicate

offenses. Given the lengthy sentences that are mandated by these recidivist statutes, it is understandable that Congress would choose to more narrowly define the prerequisites for triggering the enhancement.

Sections 2247 and 2426, the recidivist statutes at issue here, however, only increase the statutory maximum for the offense and do not determine the particular sentence that an actual defendant will receive. Although it has become a familiar response to particular noteworthy instances of criminal conduct for Congress to raise the statutory maxima of applicable statutes, those who are involved in actual federal sentencings are well aware that these measures rarely have any impact on a sentence. What determines a sentence is the Sentencing Guidelines range. Because the Guidelines range infrequently approaches the statutory maximum anyway, an increase of that maximum usually has no impact on sentence.

■ Given the limited impact that an increase in the statutory maximum of a statute will generally have, it therefore seems odd that Congress would want to narrowly proscribe the application of a recidivist provision that merely increases the maximum sentence. Instead, if the defendant's conduct is so egregious as to trigger a calculation that causes the Guidelines score to exceed the unenhanced statutory maximum, one would reasonably assume that Congress would seek a mechanism by which that statutory maximum could be readily increased to account for such egregious conduct by a recidivist, particularly, when the recidivist is one who preys sexually on children. In this instance, the Court concludes that application of the recidivist provision, § 2247, to increase the statutory maximum from two years to four

years for a defendant who is convicted for sexual abuse of children, and who has a prior conviction for the same conduct, is exactly the result that Congress would have intended.

### *Alternatively, Recidivist Statute Here Would Apply Under A Categorical Approach*

Finally, even if the Court has erred in concluding that the categorical approach is not required, it concludes that the recidivist statute here would apply even under that approach. Indeed, it should be noted that even with a statute requiring a "categorical" approach, the Supreme Court has indicated that there may be exceptions to that requirement where, notwithstanding uncertainty about the elements of the underlying offense, it is clear that the defendant was clearly proved guilty of conduct that meets the requirements for inclusion as a predicate offense. For example, in *Taylor,* the Supreme Court concluded that only a "generic" burglary, which requires entry into a structure, not a non-generic burglary, such as a car burglary, would count as a predicate offense for purposes of triggering the enhancements provided by the Armed Career Criminal statute. Yet, the Court noted that a conviction under a non-generic burglary statute could be counted for purposes of enhancement under § 924(e), if the conviction was, in essence, for a generic burglary. *United States v. Adams,* 91 F.3d 114, 115 (11th Cir.1996), citing *Taylor v. United States,* 495 U.S. 575, 599–600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Specifically, the Court stated that a non-generic burglary conviction could be counted if "the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." *Taylor,* 495 U.S. at 602, 110 S.Ct. 2143.

In following this exception recognized by the Supreme Court, the Eleventh Circuit has expanded the means whereby one can determine if a particular conviction counts as a predicate conviction by allowing proof, through extraneous means, of the prior conduct, where it was not otherwise clear that the prior offense met the requirements for a predicate offense. In *Adams, supra,* the Eleventh Circuit addressed a prior conviction for a non-generic burglary. Because this prior conviction was based on a plea of guilty, there were obviously no jury instructions that the later sentencing court could review to determine what the actual elements of the offense for which the defendant was convicted were. *Adams,* 91 F.3d at 115. Nonetheless, the Eleventh Circuit concluded that there could be means, other than jury instructions, whereby one could make that determination. *Id.* at 115–16. Indeed, in the case before it, the panel concluded that the information in the presentence report documented the defendant's prior convictions and revealed that the conduct underlying the defendant's convictions for prior burglaries indicated that these burglaries were, in fact, generic burglaries, sufficient to trigger the enhancement of the ACC. *Id.* at 116.

 Extrapolating the language of *Taylor* to this case, the defendant here was essentially convicted of a non-generic sexual contact statute, in the sense that the statute proscribed some sexual contact that would meet the elements of 18 U.S.C. § 2244(a)(3) and proscribed other conduct that would not meet those requirements. Here, the Court has a presentence report, as the Court had in *Adams.* Yet, this Court has more than just a presentence report; it also has a copy of the plea colloquy for the underlying offense in

which the defendant admitted to conduct that clearly meets the elements of a predicate offense under the recidivist statute at issue. Specifically, the defendant admitted to touching the breasts of two thirteen year old girls. Thus, the Court concludes that, even if the categorical approach applied in this case, the evidence here is far more straight-forward and undisputable than was that in *Adams*. Therefore, given this defendant's admission at his guilty plea colloquy in New Jersey that he engaged in conduct that would trigger the federal recidivist statute, the prior conviction satisfies the categorical approach. Indeed, a defendant's judicial admission that he has committed certain acts is arguably more persuasive evidence of that conduct than is a jury verdict.

### Apprendi Implications

The Court has gone to some lengths to explain why it believes the prior conviction in this case constituted an appropriate predicate statute even under a categorical approach because otherwise there could be potential *Apprendi*[3] consequences, as a general rule, in other cases.[4] In particular, *Apprendi* made clear that it excepted the fact of a prior conviction from its rule that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. In doing so, the Supreme Court explicitly chose not to overrule *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118

S.Ct. 1219, 140 L.Ed.2d 350 (1998), which had held that even though the statutory maximum of a statute could be increased by proof of the existence of a prior predicate conviction, such a conviction would not constitute an element of the crime triggering a right to proof beyond a reasonable doubt before a jury. *Apprendi*, 530 U.S. at 487–490, 120 S.Ct. 2348.

Yet, in so holding, the Supreme Court was presumably thinking only of recidivist statutes that require a categorical approach with regard to the type of predicate offense that could trigger an enhancement. With such statutes, there would never be a question of fact as to whether the conviction had been proven, because any conclusion on that matter would constitute a question of law to be determined by the sentencing court. If a recidivist statute permitted enhancement based on proof of underlying conduct, however, factual questions could arise as to exactly what conduct the defendant engaged in. Typically, such factual questions are within the province of a jury and this Court doubts that the Supreme Court would construe *Almendarez–Torres* as applying to such situations. If, for example, a defendant had been convicted following a trial in which one could not discern whether the jury verdict necessarily found conduct that would meet the elements of the predicate crime, an argument could be made that use of such a conviction as a predicate offense would create questions of fact as to just what type of conduct the defendant previously committed and that the jury for

---

3. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

4. Even were *Apprendi* ever expanded to require that prior convictions be proved beyond a reasonable doubt to a jury, defendant would not be able to make an *Apprendi* argument here because the predicate offense was listed as an element in the indictment. A jury then convicted defendant on this charged offense, which, included as an element, the predicate conviction at issue here. Defendant understandably did not seek to litigate the underlying facts of that predicate conviction before the jury.

the subsequent offense would have to determine whether defendant engaged in conduct, with regard to the predicate offense, that met the requisite elements. For that reason, the Government may find it prudent in such cases not to test the limits of *Almendarez–Torres.*

In the present case, however, the Court concludes that the defendant's prior conviction also satisfied a categorical test, even though the recidivist statute may also permit one to look at the underlying conduct. Again, as noted, the Government presented evidence of the plea colloquy of defendant in which he explicitly admits to conduct that satisfies the elements necessary for a predicate crime. Thus, there is no issue of fact; instead, as a matter of law, a court can reach only one conclusion: that the conduct occurred. Indeed, as noted a guilty plea in which the defendant admits his commission of certain conduct is at least the equivalent of a conviction by a jury of that same conduct and arguably is superior to a jury verdict, as the defendant's admission removes any doubt that he engaged in the prohibited conduct.

## CONCLUSION

Thus, for all these reasons, as well as those stated at the sentencing hearing, this Court concludes that § 2247(a) applies and that the statutory maximum in this case should be enhanced to four years.