[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10705
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:08-cr-00151-WSD-AJB-1

USA,

Plaintiff - Appellee,

versus

QUENTARVIOUS CHANEY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 16, 2010)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Quentarvious Chaney appeals his 180-month sentence imposed for being a

felon in possession of a firearm.  On appeal, Chaney first argues that the district

court erred in finding that his prior state court convictions were predicate offenses under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Specifically, Chaney argues that his prior convictions were constitutionally invalid and should not count as predicate offenses because his guilty pleas were not knowing and intelligent and his counsel was ineffective. Chaney further argues that he presented evidence showing that his conduct in one of his prior burglary convictions did not meet the elements required under Georgia's burglary statute, O.C.G.A. § 16-7-1(a).

Second, Chaney argues that his statutory mandatory minimum sentence, which is below the applicable guideline range, is substantively unreasonable and violates the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). Third, Chaney argues that the district court committed constitutional errors in sentencing him. Specifically, Chaney contends that the district court violated the Sixth Amendment by not requiring his prior convictions to be found by a jury, and that his mandatory minimum sentence violates the separation-of-powers doctrine and the Eighth Amendment.

Upon review of the record, and consideration of the parties' briefs, we affirm.

## I. ACCA

2

"We review *de novo* the district court's application and interpretation of the sentencing guidelines." *United States v. Wilks*, 464 F.3d 1240, 1242 (11th Cir. 2006) (citation omitted). We also review de novo the district court's interpretation of statutes involving sentencing issues. *United States v. Walker*, 228 F.3d 1276, 1277 (11th Cir. 2000) (per curiam).

Federal law prohibits a previously convicted felon from possessing a firearm. 18 U.S.C. § 922(g)(1). The ACCA imposes a 15-year mandatory minimum sentence on an offender who has three prior convictions "for a violent felony or a serious drug offense." *Id.* § 924(e)(1). The ACCA defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year
> . . . that (i) has as an element the use, attempted use, or threatened use
> of physical force against the person of another; or (ii) is burglary,
> arson, or extortion, involves use of explosives, or otherwise involves
> conduct that presents a serious potential risk of physical injury to
> another.

*Id.* § 924(e)(2)(B). The sentencing guidelines contain an armed career criminal enhancement under which a defendant who is subject to the ACCA's increased penalties is given an increased base offense level and criminal history category. *See* U.S.S.G. § 4B1.4.

The Supreme Court has held that the term "burglary," as used in § 924(e),

3

means burglary in the generic sense, which requires an unlawful entry into "a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599, 110 S. Ct. 2143, 2158 (1990). However, a conviction under a non-generic burglary statute may be counted for purposes of a § 924(e) enhancement if the conviction was, in essence, for a generic burglary. *Id.* at 599–600, 110 S. Ct. at 2158–59. "Georgia's burglary statute is non-generic because it encompasses unlawful entry not just into buildings, but also into vehicles, railroad cars, and watercraft." *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006) (per curiam). We have held that where the district court correctly determined that a defendant's previous convictions under Georgia's burglary statute constituted generic burglaries, in that the offenses involved the burglarizing of a building or structure, the burglaries were properly considered predicate offenses under § 924(e). *United States v. Adams*, 91 F.3d 114, 115–16 (11th Cir. 1996) (per curiam).

In determining whether a particular offense qualifies as a predicate offense for a sentencing enhancement, the Supreme Court has stated that courts must "look[] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Taylor*, 495 U.S. at 600, 110 S. Ct. at 2159. The Supreme Court has held that in determining the nature of a prior

conviction for ACCA purposes, the trial judge may not look beyond the statutory elements, charging documents, any plea agreement and colloquy or jury instructions, or comparable judicial record. *Shepard v. United States*, 544 U.S. 13, 26, 125 S. Ct. 1254, 1263 (2005). In limited circumstances, the district court may examine the conduct surrounding a conviction, but only if "ambiguities in the judgment make the crime of violence determination impossible from the face of the judgment itself." *United States v. Spell*, 44 F.3d 936, 939 (11th Cir. 1995) (per curiam) (citation omitted).

In general, a defendant may not collaterally attack, during a federal sentencing hearing, a prior conviction being used to enhance his sentence under the ACCA. *Custis v. United States*, 511 U.S. 485, 497, 114 S. Ct. 1732, 1739 (1994). The lone exception to this rule allows a defendant to challenge a prior conviction on the basis that it is "presumptively void." *United States v. Roman*, 989 F.2d 1117, 1120 (11th Cir. 1993) (per curiam). A conviction is presumptively void, and thus, cannot be considered in sentencing a defendant, if the defendant was convicted of a felony without having counsel appointed. *See Custis*, 511 U.S. at 495, 114 S. Ct. at 1738. However, the Supreme Court determined "that failure to appoint counsel for an indigent defendant was a unique constitutional defect," and it expressly declined to expand a defendant's right to collaterally attack prior

convictions used for sentence enhancements beyond that situation. *Id.* at 496, 114 S. Ct. at 1738.

Here, the district court correctly determined that Chaney's three prior convictions of child molestation and sodomy and two burglaries were predicate offenses under the ACCA. Because Chaney argued before the district court, and now argues on appeal, that his convictions for burglary should not count as predicate offenses under the ACCA, he has preserved this argument.

Therefore, the court properly looked at undisputed statements in the PSI and the indictments for Chaney's prior burglary convictions to determine whether the convictions constituted violent felonies under the ACCA. *See United States v. Greer*, 440 F.3d 1267, 1273 (11th Cir. 2006) (noting that the defendant did not question the accuracy of the district court's characterization of the indictments at sentencing or on appeal); *United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005). Because these documents show that Chaney was charged, and subsequently pled guilty to, breaking into a residence with intent to commit theft, his convictions under Georgia's non-generic burglary statute were properly considered violent felonies because the convictions were, in essence, for generic burglaries. *See Taylor*, 495 U.S. at 599–600, 110 S. Ct. at 2158–59; *Adams*, 91 F.3d at 115–16.

Our Court's precedent does not allow Chaney to challenge his previous convictions on the ground that they were unconstitutional based on ineffective assistance of counsel, or that his plea was not knowing and intelligent. *See United States v. Covington*, 565 F.3d 1336, 1345 (11th Cir.), *cert denied*, 130 S. Ct. 564 (2009). The only recognized ground that Chaney could have challenged his prior convictions for—that he did not have counsel appointed—is not applicable because Chaney admitted that he was counseled in his prior state court plea hearings. *See Custis*, 511 U.S. at 494–95, 114 S. Ct. at 1738.

Because the district court correctly determined that Chaney's prior felony convictions qualified as violent felonies, thus making him eligible for an enhanced sentence under the ACCA, the district court did not err in sentencing Chaney.

## II. Substantive Reasonableness of Sentence

We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

"It is well-settled that a district court is not authorized to sentence a

7

defendant below the statutory minimum unless the government filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f)."[1] *United States v. Castaing-Sosa*, 530 F.3d 1358, 1360 (11th Cir. 2008) (per curiam). *Booker*'s instruction to the district courts to consider the § 3553(a) factors in fashioning a reasonable sentence cannot be read to authorize the use of those factors to impose a sentence below an applicable statutory mandatory minimum. *Id.* Even after the remedial holding in *Booker*, the district court remains bound by statutes designating mandatory minimum sentences. *Id.* at 1362.

Chaney's sentence is not substantively unreasonable, as Chaney has failed to show that the district court abused its discretion by not sentencing him below the statutory minimum based on a consideration of the 18 U.S.C. § 3553(a) sentencing factors. Chaney asserts that his sentence is unreasonable because he was sentenced for all of his predicate convictions on the same day, was only seventeen years old at the time, and received the previous sentences as part of a promised plea deal that he claims was not upheld.

Chaney relies on the district court's order in *United States v. Brenton-*

---

[1] Chaney is ineligible for safety-valve relief because he has more than one criminal history point. *See* 18 U.S.C. § 3553(f)(1) (requiring the defendant to have no more than one criminal history point to receive safety-valve relief).

*Farley*, where the district court judge found a sentence to be unreasonable and ordered a sentence below the statutory minimum. 607 F.3d 1294, 1321–22, 1324 (11th Cir. 2010). However, on appeal, we remanded the case back to the district court, holding that the statutory mandatory minimum sentence did not violate the Constitution and instructed the district court to impose a sentence "no less than that required by § 2241(c)." *Id.* at 1343, 1346. Our decision in *Brenton-Farley* reaffirms the principle that a district court cannot sentence a defendant below a constitutionally valid statutory mandatory minimum. *Id.* at 1345.

Chaney further argues that his mandatory minimum sentence violated the constitutional prohibition against mandatory sentencing regimes under *Booker*, 543 U.S. 220, 125 S. Ct. 738, and that mandatory minimum sentences that deprive the court from exercising its discretion are unconstitutional under *Greenlaw v. United States*, 554 U.S. 237, 128 S. Ct. 2559 (2008). We reject these arguments.

The Supreme Court's holding in *Booker* made the sentencing guidelines advisory, but not all sentencing aspects such as statutory mandatory minimums enacted by Congress. *See Castaing-Sosa*, 530 F.3d at 1362. Further, in *Greenlaw*, the defendant appealed his sentence that was imposed below the statutory mandatory minimum, and the Supreme Court noted that even if the district court makes an error, a court of appeals cannot order an increase to a defendant's

9

sentence absent a government appeal or cross-appeal. 128 S. Ct. at 2562–63.

Here, the statutory mandatory minimum for Chaney's offense was 180-months' imprisonment. *See* 18 U.S.C. § 924(e)(1). The government did not file a substantial assistance motion or otherwise seek a sentence below the statutory mandatory minimum. Therefore, the district court correctly concluded that it did not have the discretion to sentence Chaney below the statutory mandatory minimum, and *Greenlaw* is inapplicable. *See Castaing-Sosa*, 530 F.3d at 1360–61.

We affirm the district court's holding that Chaney's sentence is not substantively unreasonable and does not violate the constitutional principles set forth in *Booker*.

### III. Constitutionality of Sentence

We review a defendant's constitutional challenges to his sentence de novo. *United States v. Lyons*, 403 F.3d 1248, 1250 (11th Cir. 2005). Where a defendant fails to raise constitutional challenges to his sentence before the district court, however, we review only for plain error. *Shelton*, 400 F.3d at 1328 (citation omitted). To show plain error, a defendant must prove, "(1) an error, (2) that is plain, and (3) that affects substantial rights." *Id.* at 1328–29 (citation and quotation omitted). If all three conditions are met, we may exercise our discretion

10

to recognize the error, if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1329 (citation and quotation omitted).

Here, Chaney argues that his mandatory minimum sentence violated: (1) the Sixth Amendment right to trial by jury, because the facts of his prior convictions were not admitted or found by a jury; (2) separation-of-powers principles, because sentencing should remain primarily a judicial function; and (3) the Eighth Amendment's prohibition against cruel and unusual punishments, because he was sentenced for his predicate offenses almost twenty years ago; he was seventeen at the time, and Richard Wilson, a passenger in Chaney's car at the time of this offense, was later charged with a similar offense under the ACCA but received a lesser sentence. Because Chaney did not raise these challenges to the district court, we review each for plain error.

*A. The Sixth Amendment*

Chaney's mandatory minimum sentence did not violate the Sixth Amendment. "[T]he Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged." *Booker*, 543 U.S. at 230, 125 S. Ct. at 748 (citation and quotation omitted). In *Almendarez-Torres v. United States*, however, the Supreme Court held that a prior conviction is not a fact that must be alleged in the indictment or

11

found by a jury beyond a reasonable doubt. 523 U.S. 224, 243, 118 S. Ct. 1219, 1231 (1998).[2]

Chaney argues that the instant case is distinguishable from A*lmendarez-Torres* and its progeny because, here, the government included his prior convictions in the indictment but did not prove them to a jury. However, in *Greer*, the government listed the defendant's previous state court convictions in his federal indictment charging him with violating 18 U.S.C. §§ 922(g) and 924(e). 440 F.3d at 1272–73. We held that a jury was not required to find that the defendant's convictions qualified as predicate offenses under the ACCA. *Id.*

Similarly, although the government listed Chaney's prior state court convictions in the indictment, a jury was not required to find those convictions to be predicate offenses. *See id*. Rather, as discussed *infra*, the district court appropriately determined that the convictions qualified as predicate offenses based on information in the indictments.

*B. Separation-of-Powers Doctrine*

Chaney's sentence did not violate the separation-of-powers doctrine. We

---

[2] The Supreme Court's subsequent seminal decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *Booker*, 543 U.S. 220, 125 S. Ct. 738, have not disturbed the holding of *Almendarez-Torres*. *Shelton*, 400 F.3d at 1329; *see also United States v. Steed*, 548 F.3d 961, 979 (11th Cir. 2008) (per curiam) (noting that *Booker* did not overrule *Almendarez-Torres* and holding that prior convictions do not have to be pled or proven at trial).

recently rejected a claim that a mandatory minimum sentence violates the separation-of-powers doctrine in *United States v. Paige*, 604 F.3d 1268, 1274 (11th Cir. 2010) (per curiam) (citation omitted). "It is for Congress to say what shall be a crime and how that crime shall be punished." *Id.* (citation and quotation omitted). Therefore, Chaney's argument that the ACCA's mandatory minimum penalties violate the separation-of-powers doctrine is foreclosed by *Paige*, which is binding precedent. *See id.; United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (recognizing that "a prior panel's holding is binding on all subsequent panels").

## C. Eighth Amendment

Chaney's sentence did not violate the Eighth Amendment's prohibition against cruel and unusual punishments. "The Eighth Amendment, which forbids cruel and unusual punishments, contains a *narrow* proportionality principle that applies to noncapital sentences," *Lyons*, 403 F.3d at 1256 (quotation omitted), and "forbids only extreme sentences that are grossly disproportionate to the crime." *Brenton-Farley*, 607 F.3d at 1343 (citation and quotation omitted). We have never found a term of imprisonment to violate the Eighth Amendment. *Id*.

This Court has repeatedly held that sentences under the ACCA are not grossly disproportionate to the offense for which the sentence was imposed, *i.e.*,

13

being a felon in possession of a firearm. *See United States v. Reynolds*, 215 F.3d 1210, 1214 (11th Cir. 2000) (per curiam). Recidivism, as addressed in § 924(e), is a legitimate basis for increased punishment, given that § 924(e) applies when a defendant has been convicted of three or more violent felonies or serious drug offenses. *Lyons*, 403 F.3d at 1256–57. Moreover, § 924(e) does "not focus on the motive or purpose of the current possession of firearms, but rather on the fact that a person with three or more violent felony or serious drug convictions currently possesses a firearm." *See Reynolds*, 215 F.3d at 1214.

In *Reynolds*, the defendant pled guilty to violating 18 U.S.C. §§ 922(g)(1) and 924(e), and was sentenced under the ACCA to 180-months' imprisonment. *Id.* at 1212–13. We held that the 15-year sentence was not grossly disproportionate to the § 922(g) offense, and that the ACCA did not impose cruel and unusual punishment. *Id.* at 1214. Similarly, in *Lyons*, we held that a 235-month sentence for an armed career criminal convicted for being a felon in possession of ammunition was not cruel and unusual punishment. 403 F.3d at 1257.

Here, Chaney was convicted under the same statutes and was sentenced to the same 180-month term of imprisonment as the defendant in *Reynolds*. *See Reynolds*, 215 F.3d at 1212–13. Moreover, to the extent that Chaney argues that

the application of the ACCA based on 20-year-old prior convictions results in an unconstitutionally disproportionate sentence, he misinterprets the applicable analysis. Sentences under the ACCA are not grossly disproportionate to the offense for which this sentence was imposed. *See id*. Further, because Chaney's sentence was not grossly disproportionate to his instant offense, the district court was not required to compare his sentence to the sentence Richard Wilson received. *See id*. at 1214. Thus, Chaney's mandatory minimum sentence was not unconstitutional under the Sixth and Eighth Amendments or the separation-of-powers doctrine.

For these reasons, we affirm.

**AFFIRMED.**