[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-12010
Non-Argument Calendar

————————————————

D.C. Docket Nos. 1:16-cv-22914-KMM,
1:97-cr-00946-KMM-1

ALBERT WILLIAMS,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(November 13, 2019)

Before MARTIN, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Albert Williams appeals the district court's denial of his 28 U.S.C. § 2255

motion. The district court granted a certificate of appealability on two closely

related issues: (1) whether Williams must prove by a preponderance of the evidence that the sentencing court improperly relied on the Armed Career Criminal Act ("ACCA") residual clause to enhance his sentence; and (2) if so, whether Williams did indeed prove by a preponderance of the evidence that the sentencing court applied the enhancement based solely on the residual clause. After careful review, we agree with Williams that he has satisfied his burden of proof. We therefore reverse and remand to the district court with instructions to grant Williams's § 2255 motion.

## I.

Williams was convicted in 1998 of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1335 (11th Cir. 2013). Before sentencing, the probation officer recommended that the district court apply the ACCA enhancement, which requires a fifteen-year minimum sentence for § 922(g)(1) violations if the defendant has three prior convictions for a violent felony or serious drug offense. Id.; see also 18 U.S.C. § 924(e)(1). Prior to his 1998 conviction, Williams had been convicted of a single incident of robbery and aggravated assault in 1986 as well as burglary of a dwelling in violation of Fla. Stat. § 810.02 in 1989 and 1990. Williams, 713 F.3d at 1335. The probation officer relied on these three convictions to recommend applying the ACCA enhancement. Id.

2

Neither Williams nor the government objected to the ACCA enhancement or to the probation officer's descriptions of the factual circumstances underlying each qualifying conviction supporting the enhancement. Id. The court therefore applied the enhancement, which produced a guideline range of 235 to 293 months, and sentenced Williams to 293 months. Id. Absent the enhancement, Williams's term of imprisonment would have been capped at ten years or 120 months. 18 U.S.C. § 924(a)(2). Neither the sentencing court nor the probation officer's presentence investigation report ("PSR") explained which of ACCA's enhancement clauses served as the basis for the enhanced sentence.

This Court affirmed Williams's conviction and sentence on direct appeal. United States v. Williams, 182 F.3d 936 (11th Cir. 1999) (unpublished table op.); see also Williams, 713 F.3d at 1335. Williams then mounted several collateral attacks on his sentence under 28 U.S.C. §§ 2241 and 2255, none of which were successful. Williams, 713 F.3d at 1335. After the Supreme Court struck down ACCA's residual clause as unconstitutionally vague in Johnson, Williams timely sought and received permission to file a successive § 2255 motion alleging that, in light of Johnson, the sentencing court unlawfully relied on his burglary convictions and ACCA's residual clause to apply the enhancement.

Following briefing from both parties, the district court denied Williams's § 2255 motion, concluding that under this Court's decision in Beeman v. United

States, 871 F.3d 1215 (11th Cir. 2017), reh'g en banc denied 899 F.3d 1218 (11th Cir. 2018), Williams had failed to prove by a preponderance of the evidence that the sentencing court relied on the residual clause to enhance his sentence. In the district court's view, Williams failed to meet his burden for two reasons. First, the sentencing transcript was silent as to which one of the ACCA clauses was used to enhance Williams's sentence. Second, the law in this circuit at the time of sentencing did not definitively rule out using Florida burglary convictions as ACCA enhancement predicates under the enumerated offenses clause, as opposed to the residual clause. However, because reasonable jurists could disagree on the correctness of its ruling, the district court granted Williams a certificate of appealability on the question of "whether Petitioner must affirmatively show that the sentencing court relied on the ACCA residual clause" to prevail on a § 2255 motion based on Johnson.

Williams then filed a Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment, which the district court denied. Williams pointed out in his motion that this Court had suggested in an earlier decision that his 1989 burglary conviction should arguably not have been counted as an ACCA predicate offense. Williams also observed that the government had previously urged a different district court to deny Williams's § 2241 motion because his burglary

4

convictions were ACCA predicates under the residual clause.  The district court denied Williams's Rule 59(e) motion.  Williams timely appealed.

## II.

We review <u>de novo</u> legal issues presented by a § 2255 motion.  <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam).  We review a district court's "factual findings under a clear error standard."  <u>Id.</u> (internal quotation marks omitted).

## III.

The parties agree that the district court's certificate of appealability encompasses two separate but closely related issues: first, whether Williams must prove by a preponderance of the evidence that the sentencing court improperly relied on ACCA's residual clause to enhance his sentence; and second, if so, whether Williams met that burden.  We address each in turn.

## A.

Williams first argues the district court erred because <u>Beeman</u> was wrongly decided.  In his view, defendants should not be required to prove they were sentenced under ACCA's residual clause because doing so would punish defendants for a sentencing court's discretionary decision not to specify the clause supporting its ACCA enhancement and result in selective applications of <u>Johnson</u>. Williams's argument, however, is foreclosed by this Court's prior panel rule,

which holds "that only the Supreme Court or this court sitting en banc can overrule a prior panel decision." Cargill v. Turpin, 120 F.3d 1366, 1386 (11th Cir. 1997). As noted in our earlier citation to Beeman, this Court declined to reconsider the case en banc and the Supreme Court also denied certiorari in the case. See Beeman v. United States, 139 S.Ct. 1168 (2019). The district court therefore correctly tasked Williams with proving by a preponderance of the evidence that the sentencing court relied solely on the residual clause in applying the ACCA enhancement. Beeman, 871 F.3d at 1225.

**B.**

Williams next contends that, under Beeman, he has presented enough evidence of the legal landscape at the time of sentencing to prove the sentencing court more likely than not relied on the residual clause to enhance his sentence. We agree.

The ACCA requires a court to enhance the defendant's sentence based on three prior convictions for violent felonies or serious drug offenses committed on occasions different from one another. 18 U.S.C. § 924(e)(1). Only the violent felony provision is at issue in this case. The ACCA recognizes three categories of violent felonies: (1) those convictions that have "as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) convictions for "burglary, arson, or extortion" or crimes that "involve[] the use of

6

explosives"; and (3) convictions for crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B). The question on appeal is whether Williams's burglary convictions under Fla. Stat. § 810.02 were more likely than not counted at the time of sentencing under the second of these categories, the "enumerated offense clause," or the third, the now-unconstitutional "residual clause." Although the PSR and the sentencing transcript are silent on this point, Williams argues—and we agree—that the legal landscape, combined with the information in the PSR, demonstrates he was likely sentenced under the residual clause as opposed to the enumerated offense clause.

Eight years before Williams was sentenced, the Supreme Court issued Taylor v. United States, 495 U.S. 575, 110 S. Ct. 2143 (1990). Taylor established that the term "burglary" as used in ACCA's enumerated offense clause captured only convictions for generic burglary—that is, "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. at 599, 110 S.Ct. at 2158. Taylor made clear that state statutes defining burglary more broadly, for instance by "including places, such as automobiles and vending machines, other than buildings," encompass both qualifying and non-qualifying predicate crimes under the enumerated offense clause. Id. (emphasis added). Nonetheless, Taylor indicated that a prior conviction under such a non-generic burglary statute could satisfy the ACCA's enumerated offense provision  if the

7

"indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict." Id. at 602, 110 S.Ct. at 2159.

Thereafter, in United States v. Adams, 91 F.3d 114 (11th Cir. 1996) (per curiam), which was issued two years before Williams was sentenced, we held that "the government may use some means, other than a jury instruction, to establish that the prior conviction resulted from a generic burglary." Id. at 116. Specifically, because "[t]he information contained in the PSR about Adams' prior convictions established that they were generic burglaries under Taylor," even though the underlying statute was a "non-generic burglary statute," we affirmed the district court's application of the ACCA enhancement. Id.

Williams was convicted of burglary in Florida twice, once in 1989 and once in 1990. At the time, the statute of conviction, Fla. Stat. § 810.02, defined burglary as "entering or remaining in a dwelling . . . with the intent to commit an offense therein." Fla. Stat. § 810.02(1)(a) (defining "burglary" for "offenses committed on or before July 1, 2001"). A dwelling, in turn, was defined to encompass both a building and its "curtilage." Fla. Stat. § 810.011(2). It was therefore abundantly clear when Williams was sentenced in 1998 that the legal landscape under Taylor meant Fla. Stat. § 810.02 was categorically overbroad. As we observed in Williams, "Taylor rendered it impossible to hold that § 810.02 was categorically a

8

violent felony under the ACCA's enumerated felonies clause."  713 F.3d at 1345 (emphasis added).[1]

This was not a close question.  As a result, Florida burglary could not have counted as a violent felony under the enumerated offenses clause unless the government provided appropriate documentation to show that Williams was actually convicted of entering a building as opposed to a building's curtilage.  Yet, although in 1998[2] a PSR could potentially have provided the necessary information to prove that Williams's prior burglary convictions met the enumerated offenses definition, a review of his PSR makes clear that the government could not have proven that Williams's 1989 burglary counted under the enumerated offenses clause.  With respect to Williams's 1989 conviction, the PSR mentioned only that Williams entered a "yard north of [a] residence."  In other words, the PSR, at best, established that Williams had unlawfully entered the curtilage of a residence.  In contrast, the PSR detailed that Williams was convicted of burglary in 1990 for

---

[1] Indeed, the Supreme Court observed in James v. United States, 550 U.S. 192, 127 S. Ct. 1586 (2007), overruled in part on other grounds by Johnson, 135 S. Ct. 2551, that a straightforward application of Taylor meant Fla. Stat. § 810.02 was overbroad because the statute included unlawful entry into curtilage.  Id. at 212, 127 S. Ct. at 1599.  The Court reiterated that the burglary contemplated in ACCA's enumerated offenses clause was limited only to unlawful entry into "a building or other structure."  Id. (quoting Taylor, 495 U.S. at 598, 110 S.Ct. at 2143).

[2] It was not until 2016 that this Court recognized that a conviction under Fla. Stat. § 810.02 can never qualify as a violent felony under ACCA's enumerated offense clause because, per the Supreme Court's decision in Descamps v. United States, 570 U.S. 254 (2013), the statute is indivisible.  United States v. Esprit, 841 F.3d 1235, 1241 (11th Cir. 2016).

burglarizing a "residence."  Presuming that the sentencing court followed the Supreme Court's decision in Taylor, it is clear that although the court could have relied on the enumerated offense clause for Williams's 1990 burglary conviction based on the law at the time, it could not have done the same for his 1989 conviction.  Cf. Espinosa v. Florida, 505 U.S. 1079, 1082, 112 S. Ct. 2926, 2928 (1992) ("[W]e must further presume that the trial court followed Florida law.").  This leaves only the residual clause as a basis for counting the 1989 burglary conviction as an ACCA predicate offense.  See Beeman, 871 F.3d at 1224 n.5 ("Certainly, if the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony, that circumstance would strongly point to a sentencing per the residual clause.").

    As we have recognized before, "[a]fter Taylor abrogated Hill, . . . it was an open question in this Circuit whether § 810.02 might categorically constitute a violent felony not under the ACCA's enumerated felonies clause but rather under the so-called residual clause."  Williams, 713 F.3d at 1344 (emphases added).  In other words, it was no longer an open question in this Circuit after Taylor that based on the facts adduced in the PSR, Williams's conviction under § 810.02 in 1989 did not count under the enumerated offenses clause.  We cannot now rewrite history by saying it was "just as likely," Beeman, 871 F.3d at 1222, the sentencing court would have relied on the enumerated offense clause as the residual clause to

10

count that offense when applying the enumerated offense clause would have contravened established Supreme Court precedent in Taylor.

The government relied on three convictions in support of the ACCA enhancement: (1) a single occasion of robbery and aggravated assault, which collectively counts as one ACCA predicate offense, 18 U.S.C. § 924(e)(1); (2) Williams's 1989 burglary conviction; and (3) Williams's 1990 burglary conviction. Williams has met his burden of showing it was more likely than not the sentencing court relied on the residual clause for the second of these convictions. In light of the Supreme Court's decisions in Johnson, which invalidated the residual clause, and Welch v. United States, 578 U.S. __, 136 S. Ct. 1257 (2016), which made Johnson retroactive in cases on collateral review, this means that Williams's 1989 burglary conviction can no longer support the ACCA enhancement he received. Welch, 136 S. Ct. at 1268. With only two supporting predicate offenses, rather than three, Williams's sentence cannot stand. We therefore reverse the district court's denial of his § 2255 motion. The district court is instructed to grant Williams's motion on remand.

**REVERSED AND REMANDED.**